* JOHN H. WEBSTER *versus* ASAEL W. CALDEN & al.

A bill of exceptions will not be sustained, unless it state enough to show that the ruling was erroneous and prejudicial to the party excepting.

In a real action, exceptions will not lie to the admission of a deed offered by the defendant, and objected to by the plaintiff, with which, when offered, the former proposed, but subsequently failed, to connect his own title.

* This action was entered and argued in the Eastern District by virtue of the statute.

Nor to comments made in argument, addressed to the presiding Judge, in favor of the admissibility of certain evidence, if such evidence was rejected.

Nor to the rejection of irrelevant or immaterial testimony.

When the answer to a certain interrogatory in a deposition, given by a deponent to be used in a former suit between the parties, is read by the defendant to contradict such deponent's statement, made in a deposition in the present suit, the plaintiff may read all of such answers in the former deposition as pertain to the same subject, but none other.

In a real action, evidence that the plaintiff used all the means in his power to produce an original deed, forming a part of the defendant's chain of title and alleged to be forged, is inadmissible.

When the plaintiff claims title under the heirs of W. M., and the defendant under a deed from W. M., dated July 28, 1853, evidence that A. M. had paid a mortgage on the premises in controversy, from A. M. to W. M., dated Dec. 13, 1850, is immaterial.

The report of evidence, though signed by the presiding Judge, is not admissible to prove what a witness testified on a former trial, for the purpose of contradicting him.

By virtue of the Public Laws of 1862, c. 112, office copies of certain deeds may be read in evidence in all actions touching the realty, without proof of their execution, " where neither the party offering such office copy, nor the party opposing, is a party to the deed, or claims as heir, or justifies as servant of the grantee or his heir."

Such deed, appearing to have been duly and properly recorded, is presumed to have been duly executed and delivered; and, to entitle the party holding adversely to such deed to recover, he must overcome such presumption by sufficient proof.

The Court will not, on motion of the plaintiff, order the defendant to produce a deposition taken by the latter and used in a former trial of the same case, unless upon evidence that the deposition has been filed by the clerk.

ON EXCEPTIONS and MOTION to set aside the verdict as being against the weight of evidence.

REAL ACTION.

The parties derive their title from one William M. Mann, the plaintiff claiming under a deed given by the guardian of the children of said Mann, and the defendants under a deed from said Mann to Obadiah Mann, dated July 28, 1853, and various mesne conveyances.

The defendants introduced and read in evidence the deed of John G. Neil to Joseph Cushing, of a portion of the premises in controversy. Three days before the close of

the trial, the presiding Judge permitted the defendants, against the plaintiff's objection, to withdraw the deed.

The delivery of the deed of July 28, 1853, from William M. Mann to Obadiah Mann, was denied by the plaintiff, although the same was recorded. The presiding Judge instructed the jury that, by law, the defendant was authorized to use an office copy of this deed; that, having introduced such a copy from the records, where it appeared to have been duly and properly recorded, the presumption was, that it was duly executed and delivered; and that, to entitle the plaintiff to their verdict upon this branch of the case, he must introduce sufficient evidence to overcome that presumption.

The defendants' counsel had in his possession the deposition of one John Kerswell, dated May 10, 1865, and read in testimony by the defendant in a former trial between these parties. The plaintiff called upon said counsel for the deposition, declaring his wish to use it in evidence in this trial. The defendants' counsel denied that it had ever been filed by the clerk, and refused to produce it, whereupon the plaintiff moved the Court for an order directing the defendants to produce the deposition. There being no evidence upon the deposition that it had been filed, and no evidence being offered to prove such fact, the presiding Judge declined to interfere.

The verdict was for the defendants, with several special findings not necessary to be reported here, and the plaintiff alleged exceptions. The remaining facts will be found in the opinion.

*John H. Webster, pro se.*

The statements of Bachelder should have been admitted, Calder holding his title. 1 Greenl. on Ev., §§ 189, 191; *Treat* v. *Strickland*, 23 Maine, 234; *Smith* v. *Powers*, 15 N. H., 546; *Jackson* v. *McCall*, 10 Johnson, 377; *Prop'rs of the Ch.* v. *Bullard*, 2 Met., 363; *Cilley* v. *Bartlett*, 19 N. H., 323; *Jackson* v. *Bard*, 4 Johns., 230; *Jackson* v.

*Myers*, 11 Wend., 533; *Padgett* v. *Lawrence*, 10 Page, 180; *Pitts* v. *Wilder*, 1 N. Y., 1 Coms., 526; *Merrill* v. *Foster*, 33 N. H., 379; *Fellows* v. *Fellows*, 37 N. H., 75; *Bradly* v. *Spofford*, 23 N. H., 446; *Walcott* v. *Keith*, 22 N. H., 196; *Davis* v. *Spinner*, 3 Pick., 284; *Morgan* v. *Leonard*. 10 Met., 54; *Caver* v. *Jackson*, 4 Peters, 1. Not inconsistent with the above are *Jackson* v. *Cole*, 4 Cow., 587; *Van Rensaleer* v. *Clark*, 17 Wend., 25.

The Neil deed should not have been withdrawn. *Wheeler* v. *Hill*, 16 Maine, 329; *Vibbard* v. *Staats*, 3 Hill, 144.

Cushing's deeds to Neil and Wyman should not have been admitted, defendant's title not being connected. *Green* v. *Watkins*, 7 Wheat., 27; *Walcott* v. *Knight*, 6 Mass., 418; *Jackson* v. *Harder*, 4 Johns., 202; *Shapleigh* v. *Pillsbury*, 1 Maine, 271; *Mechanics' Bank* v. *Williams*, 7 Pick., 438; *Putnam Free School* v. *Fisher*, 38 Maine, 324.

The averments of counsel to the Court, upon the admissibility of original proofs, were made in the presence of the jury and for their benefit. *Webster* v. *Calden*, 53 Maine, 203, had decided their inadmissibility. The comments prejudiced the minds of the jury as they were intended to do. The jury could not rid their minds of this indirect evidence.

The balance of Gerry's deposition should not have been excluded. *Hammett* v. *Emerson*, 27 Maine, 308; *Raymond* v. *Howland*, 17 Wend., 389.

The efforts made by plaintiff to obtain original deed from W. M. Mann to Obadiah Mann should have gone to the jury. It is a significant circumstance that the original has been kept out of sight, when it was known that was alleged to be forged.

The report of Amos A. Mann's testimony in former case should have been admitted. *Hammett* v. *Emerson*, 27 Maine, 308, 337; *Benedict* v. *Nichols*, 1 Root, 434.

The ruling in regard to the effect of the office copy of the deed of July 28, 1853, was inaccurate. Statute of 1862 was never intended to change the burden of proof, but only to relieve a party who was not supposed to have the pos-

session of a deed from producing the original and introducing the formal proof of its execution. The Legislature did not intend to give more weight to the copy than to the original. When sufficient evidence has been adduced to let in the deed, then both parties introduce their evidence as to its execution. The burden is not changed. If plaintiff's testimony just equals defendant's, the deed is not proved. Plaintiff need not *overcome* the defendant's evidence on this point.

There is nothing in the nature of the proof prescribed or allowed by the statute, which entitles it to any more weight than proof of the handwriting of a deceased witness. The Act of 1865, c. 308, so far as it appertains to this class of cases, is in the language of the Rules of Court. If the Legislature intended more, they would have used different language. The Act did not change the rule of evidence in this class of cases. See construction of the rule in *Sellar* v. *Carpenter*, 27 Maine, 496. As to the *quantum* of proof, see *Central B. Corp.* v. *Butler*, 2 Gray, 130. If the ruling be correct, it will open a wide door to fraud.

*D. D. Stewart*, for the defendants.

APPLETON, C. J. — This is a writ of entry. The parties derive their title from William M. Mann. The demandant derives his title from a deed given by the guardian of the children of said Mann. The tenant claims under a deed from said Mann to Obadiah Mann, dated July 28, 1853, and various mesne conveyances. The delivery of the deed of July 28, 1853, was denied, but the jury by their verdict affirmed the fact of such delivery.

Numerous exceptions are taken to the ruling of the presiding Judge, which will be considered in their order.

1. The plaintiff proposed to prove statements made by James R. Bachelder, before and at the time of the conveyance by Obadiah Mann to him, the defendant not being present, in relation to the interest of said Obadiah and Amos Mann in the premises.

What the statements were, whether material or immaterial, whether favorable to the demandant or the tenant, does not appear.   Now a bill of exceptions will not be sustained, unless it states enough to show that the Judge ruled erroneously and to the prejudice of the party excepting.  *Fuller* v. *Ruby*, 10 Gray, 285 ;  *Burghart* v. *Van Deusen*, 4 Allen, 374.

2.  The withdrawal of the deed, Neil to Cushing, of the Wyman lot, is not shown to have affected the rights of the demandant injuriously.

3.  The tenant read certain deeds with which he proposed to connect his own title, but failed in his attempt.   Parties, in deducing their title, ordinarily suit their own convenience in the order and arrangement of proof.   The deeds offered were immaterial, if the tenant failed to show that he derived rights under them.   After they were offered, the demandant did not ask their rejection, —nor request any rulings upon their effect.   Before they were received, the Judge could not know but the tenant would connect his title therewith.

4.  It is objected that the counsel for the tenant commented on certain proofs offered and rejected at the instance of the demandant.   The objectionable commenting was in the argument of the counsel to the Court, in which he endeavored to procure their admission.   It would be a novel procedure because counsel, in and by their argument, failed to obtain a desired ruling, to set aside a verdict at the instance of the party winning the point in debate.

5.  The tenants offered the answer of Joshua Gerry to the tenth interrogatory to a deposition taken in an equity suit, *Webster* v. *Mann & al.*, to contradict his statement made in a deposition in the present suit.   The demandant then offered the balance of said deposition, which was excluded, except such parts as related to the subject matter referred to in the answer to said tenth interrogatory, or such portions as might qualify that answer.   This was undoubtedly correct.  *Lynde* v. *McGregor*, 13 Allen, 172.

The parties have referred us to this deposition.   Upon a

careful examination, and assuming, what is not denied, that all statements having any bearing upon the tenth interrogatory were received, we find nothing remaining in the deposition, the admission of which would have been of service to the demandant or the rejection of which could have been to his disservice. The rejection of irrelevant or immaterial testimony affords no good ground of complaint.

6. The plaintiff offered to prove that he used all the means in his power, to obtain the original deed of July 28, 1853, in dispute, but without success. This evidence was excluded. This was not to excuse the non-production of a deed which he was bound to offer, — for the deed was not, and never had been, in his hands, and it was adverse to his title. It was not to authorize the reception of secondary evidence, for the copy of the deed was in the case. It was simply an offer to prove that he did all in his power to bring about a favorable result, which, from his able argument before us, cannot be doubted. Of this the jury needed no proof.

7. It is not perceived that the demandant was injured by admitting evidence that Amos A. Mann paid the mortgage, A. A. Mann to Wm. M. Mann, dated Dec. 13, 1850. As the jury have found a delivery of the deed of July 28, 1853, the admission of the evidence was immaterial.

8. The report of testimony on a former trial, though signed by the presiding Judge, is not admissible to show what a witness testified on such trial, for the purpose of contradicting him.

9. The office copy of the deed, Wm. M. Mann to Obadiah Mann, dated July 28, 1853, was properly received under the provision of the statute of 1862, c. 112. This was held *prima facie* to establish the tenants' title. *Blethen* v. *Dwinel*, 34 Maine, 133. An office copy being *prima facie* evidence, there is no necessity of calling the attesting witness. *Eaton* v. *Campbell*, 7 Pick., 12. It raises a presumption that the grantor had sufficient seizin to enable him to convey, and operates to vest the legal seizin in the grantee.

*Ward* v. *Fuller*, 15 Pick., 185. When the original is not in the custody of, or power of the party having occasion to use it, the certified copy is *prima facie* evidence of the original and its execution, subject to be controlled by rebutting evidence. *Cone* v. *Emery*, 2 Gray, 80.

10. There being no evidence that the deposition of Kerswell had ever been filed, the Court declined to order its production. If so, it was never in the custody of the Court. The presiding Judge could not properly have ordered the counsel for the tenants to produce it. Rule 25, 37 Maine, 576.

No sufficient reason is shown for setting aside the verdict as against evidence. *Motion and exceptions overruled.*

CUTTING, KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.