McArdle *vs.* Bullock & Radcliff.

---

FELIX McARDLE, administrator, plaintiff in error, *vs.* BULLOCK & RADCLIFF, defendants in error.

(BY TWO JUDGES.)—1. It is too late for an administrator, after he has been, by *scire facias*, made a party to a suit against his intestate and another on a contract, to plead or object that the suit is such an one on its face, as must go on against the survivor alone.

2. A suit against two as joint contractors, is not a suit against them as partners, simply because the bill of particulars attached to the declaration is an account against them by their several sirnames, the christian name of neither being mentioned, and the sirnames being connected with the character.

3. In a joint suit against two, even after a plea in abatement by one of misjoinder, the plaintiff may discontinue as to one, and if his proof sustains his action, as amended, he may recover against one alone.

4. When interrogatories are taken out by the defendant and crossed by the plaintiff, and both the direct and cross-interrogatories are answered and the defendant introduces and reads to the jury the answers to the direct interrogatories, failing to read the answers to the cross-interrogatories, and the plaintiff reads the answers to the cross-interrogatories, he does not thereby make the witness his witness, so that he cannot impeach him. The answers, to take the direct and cross-questions, are the evidence of the party who offers to the jury the return of the commissioners.

(To read the direct answers to interrogatories and leave the other side to read the answers to cross-interrogatories, is not a correct practice. R.)

5. This Court will not interfere with the province of the jury to pass upon the facts unless the verdict be so grossly contrary to the testimony as to justify the inference of mistake, fraud or prejudice. 5th March, 1872.

Practice. Bill of Particulars. Pleading. Interrogatories. Impeaching witnesses. Before Judge JOHNSON. Muscogee Superior Court, May Term, 1871.

Bullock & Radcliff averred that "Julius Zorkowski and Thomas Brassell" were indebted to them $85 00, as would fully appear by a bill of particulars attached. The bill of particulars was headed as follows : " Zorkowski and Brassell to Bullock & Radcliff, Dr." Both defendants were served. *Pendente lite,* Brassell died and McArdle became his administrator. *Scire facias* to make him a party was served upon McArdle and he was made a party. Zorkowski pleaded that he had paid the debt sued for. McArdle pleaded the general issue and that Brassell was never Zorkowski's partner, and that he never, jointly with Zorkowski, undertook and promised as charged.

McArdle demurred to the declaration upon the grounds, 1st. That, as administrator, he could not be joined with Zorkowski as surviving partner in an action upon an open account. 2d. That Brassell and Zorkowski were not averred to be partners, nor was it averred that said claim was a joint claim against them. The demurrer was overruled. Waiving all defects of form, plaintiffs demurred to the second and third pleas of McArdle, and the Court sustained that demurrer. While plaintiffs were introducing their evidence they amended their declaration by discontinuing as to Zorkowski. McArdle again demurred to the declaration as amended, (upon what ground does not appear) but the Court overruled his demurrer.

Plaintiffs introduced evidence to support their claim. Defendant read the answers of Zorkowski to direct interrogatories. He did not read the answers to the cross-interrogatories. Plaintiff read these answers to the cross-interrogatories, and introduced evidence to contradict Zorkowiski's testimony as to his having paid the account. This was done over McArdle's objection.

The plaintiff obtained a judgment against McArdle. He moved for a new trial, averring that the verdict was contrary to the evidence, and that the Court erred in said rulings

McArdle vs. Bullock & Radcliff.

against him. The Court refused a new trial, and error is assigned on said grounds.

Moses & Downing, for plaintiff in error. The contract was with a firm, and the suit against the members only. This is bad : 24 Ga. R., 628 ; 1 Ch. Pl., 29 ; 1 Kelly, 493. McArdle's pleas were good : Gould's Pl., 103-4-5. The demurrer to the amended declaration was well taken : Gould's Pl., 114, 115 ; Chit. Pl., 42, 44, 45 ; R. Code, sections 3435, 3274-5. Plaintiffs having read Zorkowski's cross-interrogatories as evidence could not impeach him: R. Code, section 3181-3 ; 1 Gr. Ev., sections 442, 445. The verdict was contrary to evidence : 41 Ga. R., 94, 127.

Peabody & Brannon, for defendant.

McCay, Judge.

1. The issue on a *scire facias* to make an administrator a party to a suit pending against one who is dead, is whether or not the person served is a proper party, in the capacity in which he acts. And if the suit be one that does not survive at law against the intestate's estate, "he ought to make the question before he is made a party.

2. It would be giving far more force, to the mere heading of a bill of particulars than seems proper, to allow it to control the formal allegations of the declaration. These defendants are sued in the body of the declaration, as joint contractors, and the bill of particulars charges the items to A and B. This is not strictly formal, but would any one say that a suit against John Smith, would be vitiated by a bill of particulars, headed Smith only. Indeed, it is doubtful, if the name of the party need be stated at all in the bill of particulars. The name is in the declaration, and the bill of particulars is a mere detail of the items going to make the gross sum sued for.

McArdle *vs.* Bullock & Radcliff.

3. At most, the defect in this case is a mere variance, and not good after judgment. Our statute of amendments is very broad. Code, sections 3435 and 3436, expressly allow a defendant to be stricken out, and if there be no other legal difculty, that is, if the proof sustains the declaration, as amended, the plaintiff may proceed to judgment.

4. Interrogatories, when crossed and executed, are the evidence of the party who offers to the jury the report of the commissioners. If the practice of the Court permits the party bringing them in, to read, in the conduct of his case, only the direct answers, it is a new practice to us. We do not see why a party is not entitled to have his crosses go in with the direct, just as they would if the witness were on the stand. How is one to lay the foundation for impeaching a witness, if by asking him cross-questions and introducing his answers he makes him his own witness? How is one to get any explanation, or any fact, but by a cross, from a witness he is able to cast discredit upon, or who occupies such a relation to the case, as that he is interested, or has been guilty of a crime? We are clear, that, by reading the crosses to a set of interrogatories, if the other side have read the direct answers, the party reading the crosses does not adopt the witness as his own, and he may discredit him, as he may any other witness of the other side.

5. The evidence in this case is not very strong, but there is sufficient to sustain the verdict. This Court is not a jury, and this is such a verdict as is not *illegal* under the evidence.

Judgment affirmed.