## KILBOURNE, JENKINS & CO. v. JENNINGS & CO. ET AL.

1. **Trial**: WHEN SEPARATE: JUDICIAL DISCRETION. The granting of separate trials, where there are several parties with different interests, rests largely within judicial discretion.

2. **Evidence**: DEPOSITION. A part of a deposition cannot be read and a part omitted, at the option of the party taking it; the entire deposition, competent and pertinent, must be read, or none.

3. ———: ADMISSIBILITY: CONTRACT. Under an agreement to construct certain buildings, and to use therein materials of a good quality, and have the work done by good mechanics in good taste and style, etc., it was error to exclude testimony as to the difference between the buildings constructed and others built in a good and workmanlike manner.

4. **Practice**: CONSTRUCTION OF CONTRACT. The construction of a contract is the province of the court, not of the jury.

5. **Contract**: PERFORMANCE. The acceptance of a house from the contractor by the owner of the land on which it is built does not discharge the contractor or preclude the owner from showing that the work was not done in a workmanlike manner.

6. ———: ———. The contractor is entitled to recover for any extra work upon the building outside of the terms of the contract, but the amount of such recovery must be diminished by any claims of the owner for defective work.

*Appeal from Pottawattamie Circuit Court.*

WEDNESDAY, JUNE 9.

THIS is an action to enforce a mechanic's lien. The plaintiffs are lumber dealers and furnished lumber to the defendants. Jennings & Co., for the erection of two houses by them, under a contract with the defendant, Thomas Woods, upon lots five and six in block twenty in Curtis & Ramsey's addition to Council Bluffs. The lien is asked to be enforced against the lots, which are the property of the defendant, Woods. The plaintiff avers the furnishing of the materials to the contractors, Jennings & Co, and the notice to defendant Woods, on July 19, 1869, and that defendant, Woods, was then owing said contractors more than the amount claimed. The defendant, Woods, denies his indebtedness, and alleges

defective work. The contractors, Jennings & Co., deny the defective work, and admit the account sued on. On the trial there was a verdict for plaintiff. Woods appeals.

*Clinton, Hart & Brewer*, for appellant, Woods.

*Montgomery & James*, for Jennings & Co.

*Ross & Dailey*, for appellees, Kilbourne, Jenkins & Co.

COLE, J.—I. Upon calling the cause for trial, the defendant, Woods, moved for a separate trial of the issues between him and the contractors, Jennings & Co., because his liability to plaintiffs is limited to and measured solely by his liability to the contractors. This motion was overruled, and, upon this, the first error is assigned. In his answer the defendant, Woods, denied the claim of plaintiffs against the contractors; so that the settling of the issues between the defendant, Woods, and the contractors would not dispose of the entire case. But in any case the question of a separate trial of the different issues between the several parties involves much of judicial discretion; Code, Sec. 2746; and in this case we do not discover any abuse of sound discretion, nor any prejudice resulting to the appellant by the ruling, and we cannot, therefore, reverse the judgment upon this ground.

1. TRIAL: separate: judicial discretion.

II. The contractors, Jennings & Co., had taken the deposition of John M. Jennings, who was one of the firm. Upon the trial, the contractors offered to read a part of said deposition only, omitting a part of the direct questions put by them in the examination, and the answers thereto by the witness. The defendant, Woods, objected, and the court overruled the objections, and allowed them to read such questions and answers as they pleased. This was error. They should read the entire deposition, competent and pertinent, or none.

2. EVIDENCE: deposition.

III. The contract for building the houses, made between Jennings & Co. and Woods, was in writing and was introduced in evidence. It contained the general description and dimensions with plan of the

3. ——: admissibility: contract.

houses and the terms of the contract, and among others contained a stipulation that they should be " finished in the same style of finish, complete, as the two buildings situated upon lot one, * * * * * * and all of the materials used in said buildings are to be of good quality, and the work to be done by good mechanics and in good taste and style, and in a substantial manner." Upon the trial, .the defendant, Woods, asked a witness to state the difference in value of the houses as they were constructed, and what they would have been worth if they had been constructed in a good and work-manlike manner? Plaintiffs and Jennings & Co. objected to this question, because the contract did not require that the houses should be built in a good and workmanlike manner, but like the houses on lot one. This .objection was sustained. as was also similar objections to a large number of similar questions to this same and other witnesses. It was error in each and every case to sustain the objections; because they are grounded upon a manifestly mistaken construction of the terms and language of the contract as above quoted.· An agreement to use material of good quality and have the work done by good mechanics in good taste and style and in a substantial manner, is fully equivalent . to an agreement for having it done in ,a good and workmanlike manner. If nothing had been said, the law implies this manner. *Smith & Nelson v. Busted*, 33 Iowa, 24.

IV. At the instance of the plaintiffs the court instructed the jury: " 6th. That the written contract between defend-

4. PRACTICE. construction of contract.

ant, Woods, and Jennings & Co. must govern them in determining what was required of Jennings & Co. in order to recover the contract price; this writing must be so read and construed as to give every part of it effect, if possible." And the court refused to give this, asked, by the defendant, Woods: " It is no part of your duty to construe the written contract; you should accept the construction of the contract and the measure of damages as given· you by the court." It is the duty of the court, and not of the jury, to construe contracts; and from this well settled rule, it follows that the court erred, both in giving the first

and in refusing the last. The 7th instruction given contained the same error as the 6th.

V. The court gave to the jury, at the request of Jennings & Co., this instruction, to-wit: "If the jury shall find from the 5. CONTRACT: evidence that Jennings & Co. substantially complied with the terms of the written contract, and they further find that the defendant, Woods, by his agent, accepted said houses by receiving the keys and getting the same insured, that then Jennings & Co. are entitled to recover the contract price, to-wit, $1664, less any payments which have been made to the firm of Jennings & Co. on said contract, with interest thereon from the time Woods took possession of said houses." It has been several times held by this court that the acceptance of a house by the owner of the land whereon it was built for him, will not prevent him from showing that the work was done in an unworkmanlike manner. *Mitchell v. Wiscotta Land Co.*, 3 Iowa, 209, and cases cited in note *c* in Cole's edition. The giving of this instruction was, therefore, error. In any view possible it was misleading.

VI. The court also instructed the jury that "the defendants, Jennings & Co., are entitled, under the evidence, to 6. ——: recover for any extra work done on said houses for whatever they have proved such extra work was reasonably worth." From the wording of this instruction the jury might fairly infer that if Jennings & Co. did any extra work, they were entitled to *recover* for *that*, notwithstanding Woods' damages by reason of defective work may have been more than was due for the work done under the contract; and in this view the instruction was erroneous. But if the words, " an allowance," should be substituted for the word " recover," the instruction would be neither erroneous nor misleading.

REVERSED.