## M. S. GRANT v. JOHN L. PENDERY.

1. PLEADING; ISSUE; *Reply may be Filed after Jury Sworn.* The district court may allow a plaintiff, who is in default for want of a reply, to file the same, even after the jury has been impanneled and sworn to try the cause; and the court may then proceed with the trial without further delay; and, unless it appear that the district court has abused its discretion in such a case, the supreme court will not reverse its rulings.

2. ———— And, in such a case, where the defendant has not made any showing, or even a claim, that he could ever be better prepared for the trial of the cause than at that time, the supreme court cannot say that the district court has abused its discretion.

3. ———— And, in such a case, it is not necessary that the jury should be resworn to try the cause.

4. STATUTE OF FRAUDS; *Assuming Another's Debt.* Where G. purchases property from C., and agrees with C. to pay the purchase-money to P., a creditor of C., and P. at the time consents to the arrangement, and immediately gives credit for the amount to C., *held*, in an action by P. against G. for said purchase-money, that said agreement of G. to pay said purchase-money to P. is not void as coming within the statute of frauds.

5. CONTRACT; *Agreement to Sell and Deliver; Tender.* Where C. sold and agreed to deliver certain fanning mills to G., and afterward duly tendered a portion of them, and G., without any sufficient reason, refused to accept or receive them, or any of the mills sold to him, and then they were all stored in a safe and convenient place for the benefit of G., and subject to his order, and he was duly notified thereof, *held*, that the refusal of G. to accept said mills excused the formal tender and delivery of those not formally tendered.

6. PRACTICE; *Reading Depositions; Striking out Testimony.* The defendant offered in evidence the deposition of a certain witness; the plaintiff objected; the court overruled the objection; the defendant then read in evidence the examination-in-chief of said witness, and refused to read the cross-examination; the plaintiff then moved the court to strike out that portion of the deposition which had been read, unless the defendant would offer and read in evidence the balance of the deposition; the defendant still refusing to read the balance of said deposition, the court struck out what had been read, and instructed the jury not to consider the same. *Held*, no error.

7. INSTRUCTIONS—*Inapplicable.* It is not error for the court to refuse instructions not applicable to the facts of the case.

8. EVIDENCE; *Lost Paper; Proof of Contents.* Where two copies of a paper are made, and one of them is served on one of the parties as a notice, and the other retained, and afterward the one served as a notice cannot be found, *held*, that the contents of the one served as a notice may be proved by the copy retained.

### *Error from Leavenworth District Court.*

THE pleadings, proceedings, and facts, are sufficiently stated in the opinion, *infra.* *Pendery* recovered judgment at the November Term 1873, and *Grant* brings the case here.

*Clough & Wheat,* for plaintiff in error:

Under § 128 of the code, the new matter in the answer stood for true, until leave was given to reply, and we claim that could not lawfully be done after the jury was impanneled. The case should be considered as though no reply had been filed. As the second, if not the third defense was sufficient, and as Grant would have been entitled to judgment but for such improper filing of the reply, and as the filing of it at the time was a wrong procured by Pendery, he should not now be permitted to have advantage thereof; and Grant's motion for judgment should have been sustained, and should now be sustained by this court. See *Irwin v. Paulett,* 1 Kas. 418.

Injustice, without notice, or warning, has been perpetrated on Grant, by the rendition of a judgment on supposed facts not alleged against him. It is not pretended by the verdict, that the mills were delivered to him, or that he made any promise for the consideration alleged in Pendery's petition; but if the judgment can be sustained, it is only on a very different state of facts than those in that petition alleged. To defeat the case made by the petition, it was only necessary for Grant to show, either non-delivery to him of the mills, or that they were taken away, and that is fully shown in the case; yet the jury find, what Pendery now pretends was an executory contract, not performed, because of the declination of Grant to accept the mills, a matter not in issue. And further, that the verdict does not show either a consent on

the part of Cooper that Grant should pay Pendery for the mills, or that Grant for a consideration promised to pay him therefor — that it was necessary that the jury should have found such consent, and have stated that Grant for a consideration named in the verdict, as such, promised Pendery to pay him, etc. (1 Chitty Pl., 293, 297.) The verdict, if it showed any liability as against Grant whatever, only shows him *prima facie* liable to Cooper. To make him liable to Pendery, the verdict should have shown that Cooper consented that Grant should pay Pendery for the mills, and that in consideration thereof, Grant promised so to do. For the want of such showing, Grant was entitled to a judgment on his motion.

The petition and verdict both show that if Grant made any promise it was to pay a part of the debt of another person. Stat. of Frauds, § 6.

The court erred in striking out the part of the deposition read by Grant. The evidence stricken out was material and competent, and Grant was no more required to read the cross-examination contained in that deposition, than he would have been to have cross-examined the witness for the benefit of Pendery, if the witness had been personally present at the trial.

The court erred in refusing to give the 17th instruction. Oral evidence, without a notice to produce, was not competent to prove such a lost paper. A pretended copy retained, does not show what the original was. It is not the case of original duplicates of contracts, signed by the parties to the original, or of a notice, as the paper was not a mere notice. The court should have given the 7th, 8th and 10th instructions. It was not for either Cooper or Pendery to change the place of delivery, or to recover as for mills delivered under a contract, without a delivery, as thereby required; and we think Grant had a right to have the jury in substance told that neither Cooper nor Pendery could himself change the place of delivery.

*J. W. English*, and *L. M. Goddard*, for defendant in error:

The filing of reply or answer is a matter in the discretion of the court; Code, § 106; for the law gives the court authority to extend the time for filing either.

The error claimed, that the contract set out in the petition and proved in evidence is within the statute of frauds, is so untenable that it is needless to hunt authorities to refute it. Under our statutes the real party in interest is authorized to institute suit, and it is a new idea that an arrangement, such as is exhibited in the petition in this case, and shown by the testimony and special verdict, can be termed an agreement to pay the debts of another. 20 N. Y. 268.

The consent of Cooper to the payment by Grant to Pendery for the mills, is explicitly shown by the verdict. The sixth finding establishes a tender of part and refusal to accept, and offer to deliver the remainder, and refusal to accept. This makes the tender complete. 3 Johns. Cases, 477; 4 Wendell, 525.

The court rightly excluded the deposition offered by plaintiff in error, because he refused to read the whole of said deposition. A party offering a deposition offers it all, and if he refuses to read it all he should be allowed to read none of it. The cross-examination is as much a part of the deposition, as the direct examination.

The instructions refused contain abstract propositions of law not applicable to the case, and for these reasons were properly refused. The 17th instruction refused, is in regard to a copy of notice which was in evidence. Two were made out, one given to Grant, the other retained. Grant testified that he could not find his copy, and Pendery produced his. It was a notice, and an original. Even as a copy, under the evidence, it was clearly admissible, the original being lost.

The opinion of the court was delivered by

VALENTINE, J.: The petition in the court below alleged in substance that one W. A. Cooper owed the plaintiff below,

John L. Pendery, on a promissory note, the sum of $1,140.40; that said Cooper sold and agreed to deliver to the defendant below, M. S. Grant, fifty fanning mills, for which Grant was to pay said plaintiff the sum of $750, of which $400 was to be paid in farming implements, and the other $350 in cash; that the plaintiff then gave to Cooper a credit of $750, on said note; that said mills were tendered and delivered to said defendant, and still remain subject to his control; that the defendant has failed and refuses to pay said $750, or any part thereof, either in farming implements or in cash, and plaintiff demanded judgment for that amount. The defendant filed answer to said petition which is in substance, first, a general denial; second, the plaintiff and Cooper "retook, carried away, and themselves disposed of all said mills;" third, the defendant "never promised *in writing*" to pay the plaintiff anything. Afterward the case was called for trial; a jury was impanneled and sworn, and the plaintiff then, and for the first time, asked leave of the court to file a reply to the defendant's answer. The court granted such leave. The reply, which was a general denial, was filed. The trial then proceeded, the jury not being resworn. And all this was done over the objections and exceptions of the defendant. When said reply was filed the "defendant moved the court to postpone the trial of said action, because, he said, he was not ready to proceed then to the trial of the issues made by said reply; but said court then overruled said motion, to which ruling and decision of said court said defendant excepted. And then said defendant moved said court to continue said action to the next term of said court because of said filing of such reply, but said court then overruled said motion, to which ruling and decision of said court said defendant then excepted." No reason was given for objecting to the filing of said reply, and no other or different reason than those above mentioned was given for asking for a postponement of the trial, or for asking for a continuance. And the motions made for such postponement and continuance were not supported by any oath or affidavit.

It will be noticed that the reply could apply to the second defense stated in defendant's answer only, as the other two defenses did not need a reply. During the trial there were several exceptions taken by the defendant to certain rulings of the court with regard to the introduction of evidence, and with regard to giving or refusing instructions to the jury. The jury found a special verdict, which, as we think, is a substantial finding upon all the issues in the case in favor of the plaintiff and against the defendant, and the jury assessed the plaintiff's damages at $700. Motions were made by the defendant for a new trial, and for judgment in his favor upon the verdict, both of which motions the court overruled and then rendered judgment in favor of the plaintiff and against the defendant for $700 and costs. And to reverse this judgment the defendant now prosecutes this petition in error.

Probably the most difficult question in the case is, whether the court below abused its discretion by allowing said reply to be filed as it did, and then immediately proceeding with 1. Filing reply the trial of the cause. The plaintiff was appar-after jury sworn. ently guilty of *gross laches* in not filing his reply sooner. He had then been for more than four months in default for want of a reply; and he did not even then ask to file his reply until after the jury had been impanneled and sworn to try the cause. And the court then allowed him to file the reply without the slightest showing of diligence, without the slightest showing that his reply was true, or that the defense which the reply put in issue was not true, and without the slightest terms of any kind whatever being imposed upon him. Some terms ought evidently to have been imposed upon him as a condition upon which he might file the reply — a verification by affidavit of the truth of the reply, a postponement of the trial, a continuance of the case, or a payment of the costs of the term, or some portion thereof. But still we cannot say that the court below so abused its discretion that we must reverse the judgment on that account. It is true, the defendant said (not under oath, not by affidavit,) that "he was not ready to proceed then to

the trial of the issues made by said reply." But he did not even intimate that he ever would be ready to try such issues. He did not claim that he had the slightest hope of ever being better prepared to try such issues than he was at that very time. Hence it does not seem that delay would have been of any benefit to him. That the court, exercising a sound judicial discretion, had a right to allow said reply to be filed, and to proceed immediately with the trial, we suppose will not be denied. (Civil Code, § 106; *Taylor v. Hosick*, 13 Kas. 518, 526.) It was not necessary that the jury should be resworn. They had already been "sworn, to well and truly try the matters submitted to them in the case in hearing, and a true verdict give according to the law and the evidence," (Code, § 274,) and that was sufficient. They were not sworn to try the matters that had already been submitted to them, but to try the matters that should afterward be submitted to them. And the matters to be submitted to them may be changed during the trial.

It seems hardly necessary for us to say that the contract between Grant, Cooper and Pendery is not void as coming within the statute of frauds. (Gen. Stat. 505, ch. 43, § 6.) Grant did not merely agree to pay the debt of Cooper, but

4. Statute of frauds. Assuming another's debt.

he agreed to pay *his own debt* to Pendery. But it is claimed that the verdict of the jury does not show any consent on the part of Cooper to the payment by Grant to Pendery. Now the fifth finding of the jury states among other things that, "The said defendant Grant agreed with said Cooper to take fifty of said mills," etc., "and agreed to pay the proceeds, amounting to the sum of $750, to the plaintiff Pendery," etc. How could there be an *agreement* between Grant and Cooper, that Grant should pay Pendery $750 without Cooper consenting to it? The contract was in fact made between Grant, Cooper and Pendery. All participated in it, and all agreed to it. And Pendery, on the very day that the contract was made, gave Cooper the credit on the note. Grant not only agreed with and promised Cooper to pay Pendery, but he also agreed with

and promised Pendery himself to do so. The arrangement was mutual and reciprocal between the three parties. But in any case, Pendery has obtained all of Cooper's interest in said $750. He is the real party in interest with regard thereto, and therefore he undoubtedly has the right to sue for it. (As to a contract made between two persons for the benefit of a third, see *Anthony v. Herman,* 14 Kas. 494.)

It is claimed that the tender of said mills was not sufficient. A portion of them were duly tendered, and Grant, without any sufficient reason, refused to accept or receive

5. Contract to sell and deliver; tender.

them, or any of the mills sold to him, and then they were all stored in a safe and convenient place for the benefit of Grant, and subject to his order, and he was duly notified thereof. This was sufficient. The refusal of Grant to accept said mills excused the formal tender and delivery of those not formally tendered.

The defendant offered in evidence the deposition of a certain witness; the plaintiff objected; the court overruled the

6. Reading deposition; striking out testimony.

objection. The defendant then read in evidence the examination-in-chief of said witness, and refused to read the cross-examination. The plaintiff then moved the court to strike out that portion of the deposition that had been read, unless the defendant would offer and read in evidence the balance of the deposition. The defendant still refusing to read the balance of said deposition, the court struck out what had been read, and instructed the jury not to consider the same. We see no error in this.

The 7th, 8th, and 10th instructions which the defendant asked to have given to the jury, and which the court refused, are not applicable to the facts of this case. (*Jardicke v. Scrafford,* ante, 120.)

The 17th instruction which the defendant asked to have given to the jury, and which the court refused, was properly refused. It was with regard to a notice served by Cooper

8. Evidence, lost paper; proof of contents.

upon Grant. The notice was made out in duplicate, and one copy was served on Grant, and the other was retained by Pendery. Pendery's copy was intro-

duced in evidence upon the preliminary (but mistaken) evidence that it was the copy served on Grant. Afterward it was shown that Grant was served, prior to a former trial of the case, with a notice to produce his copy on that trial. And it was also shown that Grant, on that trial, testified that he could not find his copy of the notice. Grant also testified on the present and last trial of this case, and testified subsequently to the introduction of Pendery's copy of said notice in evidence, and he did not say a word about it. The instruction asked was, in substance, that the jury should not consider said Pendery's copy of the notice at all, even if they should consider it a true copy of the notice served on Grant. We think the instruction was properly refused. Besides, the notice had but very little materiality in the case, and the jury would probably and rightfully have found just as they did if the notice had been stricken out of the evidence.

The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.