## Lewis, executor, *vs.* Allen, administrator.

1. While a verdict should express the principal and interest found by it separately, yet where suit was brought on an open account, and the matters in controversy involved Confederate transactions, and an alleged settlement, set up by equitable plea, and the verdict was for a single sum less than the principal of the account, the presumption is that no interest was found.

2. Where a guardian contracted a debt for the board of his wards, and a suit was brought against him therefore, upon his death pending the suit, his executor could be made a party in his stead.

(*a.*) If he was not a proper party, it should have been set up as a defence to a *scire facias* to make parties; after he had been formally made a party, the point could not be raised by demurrer to the action at a subsequent term of court.

3. The verdict is supported by the evidence.

4. The returns of a guardian are only *prima facie* evidence for or against him.

Guardian and Ward. Administrators and Executors. Parties. Judgments. Evidence. Verdict. Before Judge LAWSON. Jasper Superior Court. October Term, 1881.

Reported in the decision.

KEY & PRESTON; JACKSON & KING, for plaintiff in error.

G. T. & C. L. BARTLETT, for defendant.

CRAWFORD, Justice.

B. T. Digby, being the guardian of W. W., Martha and Andrew J. Allen, was sued by Eliza Allen, their mother, for their board. Before the trial Digby died and James T. Lewis, his executor, was made a party defendant in his stead. Mrs. Allen, the plaintiff, also died, and W. W. Allen, her administrator, was made the party plaintiff.

The defendant, Lewis, pleaded the general issue; that the suit was brought originally against his testator as guardian, and that his executor is not liable; that the said Digby had fully settled and paid over to the said W. W. Allen all the effects that ever came into his hands; that he had had a full settlement with him for the matters of trust as guardian that were in his hands, and was therefore not indebted any thing.

The plaintiff amended his declaration and alleged the sale under an order of court of sufficient of the *corpus* of the estate of the wards to pay the debt sued, but that the said Digby, though he sold the land, had failed to pay over the said money so due.

On the trial of the case the jury found a verdict for the sum of $426.08 in favor of the plaintiff.

The verdict being for the said sum, the defendant moved to arrest the judgment upon the ground that the verdict should have been found for so much principal and so much interest, as required by law. The motion to arrest was overruled, and this decision is the first error assigned.

1. That the law requires the principal and interest to be found separately is undoubted; but where the debt sued for is upon open account and for a larger amount than was found by the jury, and the matters in controversy in the suit involved Confederate transactions, and an alleged settlement under an equitable plea, the presumption is that there was no interest included in the finding.

2. The defendant also moved for a new trial upon several grounds, the first of which was that the court erred in holding that J. T. Lewis, the executor of Digby, the former guardian, was a proper party defendant to this suit, when he was not the successor of the said Digby as guardian of the said minors.

This suit was brought by the original plaintiff against the deceased defendant to recover a debt due by him for the board of his wards, and not for the purpose of recovering any specific property of the wards in his hands. That he was described as guardian did not make it a suit against the wards to recover of them this debt, but it was a mere *descriptio personæ* of the defendant, and although so named, the suit was to recover of him personally a debt which he owed under an implied contract. The fact that the same might be a proper charge against the estate of his wards did not change his liability. But if this were not so, and the executor was not a proper party defendant to this suit, he should have made his defence to the *scire facias* when he was called on to show cause why he should not be made a party.

A *scire facias* is in the nature of a suit, an action to

which the defendant may plead, and to which it is incumbent on him to plead before the judgment of the court is rendered. 1 *Kelly,* 292–3 ; 2 *Ib.,* 89; 45 *Ga.,* 91.

In this case the record shows that this executor acknowledged service of the *scire facias,* first by his attorneys and ratified it afterward under his own signature, and two months thereafter was made a party defendant by the judgment of the court. This being so, it was too late at the trial term of the case, twelve months later, to seek by demurrer to set the judgment on the *scire facias* aside to prevent the progress of this suit. 45 *Ga.,* 89.

The second and third grounds of the motion for a new trial are disposed of by the ruling on the matter of the motion in arrest of the judgment.

3, 4. The remaining grounds of the motion involved 1st, the evidence justifying the verdict ; 2d, whether the verdict is against the principles of equity and justice; and, 3d, whether the court did not commit error in charging the jury that if Digby, as guardian, received Confederate money, and there was no evidence before them that it was received by him at a time when men of prudence and good business judgment received it, that he should be held liable therefor as good money, when the same had been returned and allowed by the ordinary as Confederate money.

An examination of the testimony shows that the verdict might have been maintained for a larger sum ; but how it could have been reduced we do not see, except by ignoring the evidence of at least two of the witnesses for the plaintiff. In so far as the charge of the court goes to affect the finding, it is only necessary to say that the returns of a guardian are only *prima facie* evidence for or against him, and have never been held conclusive. 45 *Ga.,* 520; 59 *Ib.,* 213.

Judgment affirmed.