JOEL N. CONVERSE, PLAINTIFF IN ERROR, v. LOUIS MEYER, DEFENDANT IN ERROR.

1. **Evidence:** INSUFFICIENCY. To warrant the setting aside of a verdict for want of evidence to support it, it is not enough that the court would have found differently from the jury upon it, but there must be no reasonable doubt of its insufficiency.

2. **Depositions.** When in the taking of a deposition of a witness, the adverse party has appeared and cross-examined, he is entitled to the benefit of the deposition, and may read such portions of it as he chooses, without being compelled to read the whole.

3. ————. An objection to the reading of a deposition, on the ground that it has not been shown that the personal attendance of the witness could not be procured, to be availing must be made before the deposition is read.

4. **Instructions.** An error in an instruction to the jury, which could not have prejudiced the party complaining of it, is not a ground for a new trial.

This was an action brought in the district court for Lancaster county, by Meyer against Converse, Montcrief, and Houck, on an account for goods sold and delivered, the petition alleging that said defendants were partners doing business under the firm name of A. W. Houck & Co. On trial before POUND, J., and a jury, verdict and judgment in favor of Meyer against Converse and Houck and in favor of Montcrief. Converse brought the case up on a petition in error.

*Mason & Whedon*, for plaintiff in error, cited: *Southwark v. Knight*, 6 Wharton, 327.

*Burr & Marshall* and *J. R. Webster*, for defendant in error, cited: *Calhoun v. Hays*, 8 Watts & S., 127. *Stevenson v. Anderson*, 12 Neb., 83.

LAKE, CH. J.

It is possible that the amount of the recovery was slightly in excess of the amount really due upon the account; but we are unable to say that the jury were clearly mistaken in this particular. So, too, upon the question of the liability of the plaintiff at all. We might possibly differ with the jury as to the weight of the evidence, but there is no such preponderance against their finding as would justify us in setting the verdict aside. It is not enough that we would have found differently upon the evidence; there must be no reasonable doubt of its insufficiency to support the verdict to warrant the granting of a new trial. The testimony was very conflicting and of such a character that the jury, acquainted most likely with the witnesses, were much better qualified to understand and weigh it correctly than we are.

It is complained that the court permitted portions of the deposition of A. W. Houck to be read in evidence, on behalf of the defendant in error, without reading the whole of it. There was no error in this. The rule contended for is applicable only to the reading of a deposition by the party on whose behalf it was taken. He who takes a deposition is not permitted to read portions only of it, if objected to. Such was the rule held in *Southwark Insurance Co. v. Knight,* 6 Wharton (Penn.), 327. But where, as here, the adverse party has appeared and cross-examined the witness, he is entitled to the benefit of the deposition, and may read from it if he choose. *Calhoun v. Hays,* 8 Watts & Serg., 127. In this case it was held that: "If a deposition be taken by one party, it is competent for the other to read such parts of it as tend to prove his case, leaving to the other party the right to read the other parts if they be legal evidence for him."

The second instruction is also assigned for error. It is claimed that by it the judge erroneously assumed the existence of a firm named "A. W. Houck & Co.," when in fact there was no evidence to warrant it. This is true. There is no evidence whatever that the name of the firm to which the goods were furnished was "A. W. Houck & Co." The evidence on the part of the defendant in error tends to show the name to have been "Houck & Co.," simply, and that Converse was a silent partner; the evidence on behalf of the plaintiff in error, that it was simply "A. W. Houck," composed alone of A. W. Houck and Maggie Montcrief, and Converse having no place whatever in it.

But this error was not material, nor could it have prejudiced the plaintiff in error. It was conceded by the evidence on this trial, that the goods in question were furnished to a firm engaged in keeping the European Hotel. The material question, therefore, was not what was the real name of that firm, but was Converse a member of it,

whatever its name may have been.   This action was not brought against a firm as such, but against certain persons alleged to have been members of a firm, in their individual capacity; whether the name of the firm were the one charged or some other, was unimportant to its maintenance; it was enough if the individuals charged were found either to have been associated together in the business for which the goods were furnished, or to have held themselves out to be, to authorize a recovery against them.   Inasmuch as the error complained of could not have prejudiced the plaintiff in error, it furnishes no ground for a new trial.

The objection that the deposition of Houck was admitted in evidence, without showing that his personal attendance could not be procured, cannot be sustained.   The objection comes too late.   To have been available, it should have been made when the deposition was offered; but not having been made then, the right to make it was waived.

JUDGMENT AFFIRMED.