CITIZENS' BANK v. RHUTASEL, DEFENDANT, AND TRIGG, INTERVENOR.

1. **Administrator:** BY WHOM APPOINTED: EVIDENCE. It is the duty of the clerk to appoint administrators when the circuit court is not in session; but when it is in session that duty devolves upon the court. (Code, § § 2312, 2315.) But, by whomsoever appointed, it is the duty of the clerk to issue the letters of administration; (Code, § 2365;) so that the fact that letters are issued by the clerk in term time is no evidence that the appointment was not made by the court; but letters appearing to have been so issued may properly be admitted to prove the due and lawful appointment of the administrator.

2. **Evidence:** PRACTICE: READING PART OF DEPOSITION TAKEN BUT NOT USED BY ADVERSARY. A party may introduce a deposition taken by his adversary, but which he declines to introduce. (See cases cited in opinion.) But whether he should be permitted to introduce a portion only of such deposition depends largely on circumstances. If the witness has been examined as to several transactions, he may introduce his whole testimony touching that transaction, without introducing his testimony as to other transactions; but he should not be allowed to introduce a part only of the testimony relating to but a single transaction, without introducing all that the witness has said on that subject.

3. **Practice in Supreme Court:** PRESUMPTION IN FAVOR OF TRIAL COURT. Where the record does not affirmatively show that the ruling of the trial court was wrong, it will be presumed to have been right.

4. **Evidence:** PROPERTY COVERED BY CHATTEL MORTGAGE: IDENTITY: DESCRIPTION. Parol testimony may be admitted to show the identity of property described in a chattel mortgage, but not to show what property is described in the mortgage, the mortgage itself being the best evidence of that.

5. **Cross–Examination:** WHAT IS PROPER. Questions asked in cross-examination, which have no relation to the subject on which the witness was examined in chief, should be excluded.

6. **Practice:** DIRECTING VERDICT: EXAMPLE: FRAUD IN CHATTEL MORTGAGE. The court is justified in directing the verdict of the jury where there is an entire absence of evidence tending to establish the cause of action or defense alleged in the pleadings. (*Sperry v. Etheridge*, 63 Iowa, 543.) And so, where the issue related to the validity of a chattel mortgage, while there may have been some evidence of a fraudulent intent on the part of the mortgagor, yet, since there was an entire absence of evidence of such intent on the part of the mortgagee, the court was justified in directing the verdict of the jury on that point.

*Appeal from Franklin Circuit Court.*

FRIDAY, OCTOBER 23.

ACTION on a promissory note executed by defendant, N. J. Rhutasel. A writ of attachment was issued in the cause, and was levied on certain personal property. William Trigg, as administrator of the estate of Lawrence Rhutasel, deceased, filed a petition of intervention, in which he alleged a claim to the attached property under a chattel mortgage, executed by defendant, N. J. Rhutasel, to Lawrence Rhutasel to secure a promissory note for $588. In his answer to this petition plaintiff alleged that said chattel mortgage was given for the purpose of hindering and delaying the creditors of N. J. Rhutasel in the collection of their debts, and that it was executed in pursuance of a corrupt and unlawful combination and agreement between N. J. Rhutasel and his wife, and Lawrence Rhutasel, his father, and John Rhutasel, his brother, and the intervenor, his brother-in-law, to cheat and defraud plaint-

iff and the other creditors of N. J. Rhutasel. It also alleges that intervenor's appointment as administrator was made without authority of law, having been made by the clerk of the circuit court at a time when the court was in session. At the close of the testimony the court directed the jury to find for the intervenor, and a judgment was entered in his favor on the verdict returned in accordance with this direction. Plaintiff appeals.

*Taylor & Evans* and *D. W. Dow*, for appellant.

*Harriman & Luke* and *J. H. Bradley*, for appellee.

REED, J.—On the trial intervenor offered in evidence his letters of administration. These letters were signed by the

1. ADMINIS-TRATOR: by whom appointed; evidence. clerk of the circuit court, and were issued under the seal of that court, and were dated at a time when the court was in session in Franklin county. Plaintiff objected to the admission of said letters in evidence on the ground that the clerk had no power during the term of the court to appoint an administrator, but the objection was overruled.

It will be conceded that during the session of the court the power to appoint administrators is in the court, and not in the clerk. Code, §§ 2312, 2315. It does not appear, however, that the appointment in question was made by the clerk. The only evidence that it was so made is the fact that the letters of administration are signed by him. But the office of the letters is to define the powers of the administrator, and they are not the evidence of the source of his appointment. If the appointment is made in term time, it should be made by the court, and the clerk has power in vacation to make it. But in either case it is the duty of the clerk to issue the letters of administration, and they should be signed by him, and be issued under the seal of the court. See Code, § 2365. The objection was properly overruled, then, on the ground that the letters of administration afforded no evidence

Citizens' Bank v. Rhutasel et al.

of the fact on which it was based, and we need not consider whether the regularity of the appointment could be questioned in a collateral proceeding, a question. which was argued by counsel.

II.   Plaintiff offered. to read the answers of a witness, whose deposition had been taken, to certain of the interroga-

2. EVIDENCE: practice: reading part of deposition taken but not used by adversary.

tories which were asked him.   The deposition was taken by intervenor, but was not introduced by him, and he objected to plaintiff's being permitted to introduce but a portion of it.   It is well settled that one party may introduce a deposition which was taken by his adversary, but which he declines to introduce.   See *Hale v. Gibbs*, 43 Iowa, 380; *Wheeler v. Smith*, 13 Id., 564; *Pelamourges v. Clark*, 9 Id., 1.   But whether he should be permitted in such case to introduce but a portion of such deposition depends, we think, very largely on circumstances.   If the witness has been examined as to different transactions, we see no reason why the opposite party should not be permitted to introduce his evidence touching one or more of the transactions, while declining to introduce it as to the others.   But he clearly ought not to be permitted to introduce a portion of his testimony on any given subject while declining to introduce all that the witness had said on that subject.   It would be manifestly unjust to permit him to select such portion of the testimony with reference to a particular transaction as is favorable to him, and introduce that, while he refuses to offer the portions which are unfavorable to him.   In the present case counsel for plaintiff stated, when he offered to read the answers of the witness, that they were offered for the purpose of establishing certain facts.   The deposition is not contained in the abstract, nor is it stated therein that the offer included all that was testified to by the witness with reference to the facts

3. PRACTICE in supreme court: presumption in favor of trial court.

sought to be proven by his answers.   We are unable to determine from the record, then, whether the offer should have been allowed or

not. The presumption, however, is in favor of the correct
ness of the ruling of the circuit court on the question.

.III. Defendant, N. J. Rhutasel, was examined as a wit
ness on behalf of the intervenor, and testified that the prop-

**4. EVIDENCE: property covered by chattel mortgage: identity: description.** erty attached was the same that was covered by the chattel mortgage given by him to Law-rence Rhutasel. On cross-examination plaintiff's counsel asked the witness what property he gave his father a mortgage on, and when he made the mortgage, and whether he delivered the mortgage to his father on the day on which it bears date. The first question was disal-lowed on intervenor's objection that the mortgage was the best evidence of what property was covered by it, and the others were excluded on the objection that they were not cross-examination. These rulings are assigned as error. We think they were correct. The mortgage was the only competent evidence of the contract between the mortgagor and mortgagee, and it shows what particuliar property is cov-ered by it. It was competent to prove by parol that the property attached was the identical property covered by the mortgage. But plaintiff's question did not call for a.

**5. CROSS-EXAMINATION: what is improper.** description of the property, nor did it relate to the identity of the mortgaged property with that seized on the writ. It in effect asked the witness to determine what property was covered by the mortgage, and clearly it was incompetent. The other ques-tions had no relation to the subject on which the witness was examined in chief, viz., the identity of the property, and were properly excluded on the ground that they were not proper cross-examination.

IV. Plaintiff assigns as error the order of the court
directing a verdict for the intervenor. The ground upon

**6. PRACTICE: directing verdict: example; fraud in chattel mortgage.** which the order was made was the insufficiency of the evidence to establish the claim made by plaintiff. We have held that the court is justi-fied in taking a case from the jury on this ground

Citizens' Bank v. Rhutasel et al.

only when there is an entire absence of evidence tending to establish the cause of action or defense which is alleged in the pleadings. *Sperry v. Etheridge*, 63 Iowa, 543. Under the issues plaintiff was required to establish (1) that the defendant N. J. Rhutasel executed the mortgage under which intervenor claims the property with intent to hinder or delay or defraud his creditors, and (2) that the mortgagee accepted the instrument with a like frandulent intent.

Without setting out the facts and circumstances which the evidence tends to prove, we deem it sufficient to say that they have some tendency to prove a fraudulent intent by N. J. Rhutasel. If the case had involved the question of his intention alone, the plaintiff would clearly have been entitled to the verdict of the jury on the question. But there was, as we think, an entire absence of evidence tending to prove a fraudulent intent by Lawrence Rhutasel, the mortgagee. The existence of the indebtedness for the security of which the mortgage was given is not denied. Nor is it claimed that the debt was one for which the creditor might not honestly and fairly demand and accept security. The creditor probably knew that his debtor was embarrassed, and he may have known that the mortgage would operate to defeat or delay other creditors in the collection of their debts. But with a knowledge of these facts he might lawfully demand security for his debt. And the evidence, we think, has no tendency to prove that he accepted the mortgage with any other motive than a desire to secure his own interest.

We think, therefore, that the case was one in which the court might properly direct the verdict.

We find no error in the record.

AFFIRMED.