[Sac. No. 826.   Department Two. — July 29, 1901.]

## BANK OF ORLAND, Respondent, v. JOHN FINNELL, Appellant.

BILL OF EXCEPTIONS — ORDER EXTENDING TIME. — An order extending the time in which to prepare a bill of exceptions made after verdict and before the entry of judgment is unobjectionable and regular.

ID. — SERVICE OF BILL — CERTIFICATE OF JUDGE — PRESUMPTION OF REGULARITY. — An objection that it does not appear from the bill of exceptions that it was served within the extended time, is not tenable. It is sufficient that the contrary does not appear. The certificate of the judge to the bill carries with it the presumption of regularity, which must prevail, where it is not admitted that the bill was not in fact served within the extended time.

DEPOSITIONS — USE OF PART IN EVIDENCE. — It is error to permit a party to introduce in evidence selected portions of the deposition of his own witness upon direct examination, omitting the rest of the deposition. The code provides that " the deposition " may be used; and it cannot be inferred that it was the intention to permit portions of it to be used, to the exclusion of other portions.

CONTRACTS — STATUTE OF FRAUDS — PERFORMANCE WITHIN ONE YEAR. — A contract by the defendant to pay to the plaintiff the reasonable value of summer-fallowing to be done by third persons, which might be, and was, done within a year, is not within the statute of frauds, and need not be in writing.

ID. — PERFORMANCE OF AGREEMENT OF PLAINTIFF TO ADVANCE MONEY — CONSIDERATION OF PROMISE OF DEFENDANT. — The agreement of the plaintiff with such third persons, to advance them the money needed both in doing the summer-fallowing, and in farming the land leased to them for one year (which was in part the consideration of defendant's oral promise to pay for the fallowing), having been fully performed, it is immaterial whether or not that agreement should have been in writing.

APPEAL from a judgment of the Superior Court of Glenn County.   Oval Pirkey, Judge.

The facts are stated in the opinion.

Bush Finnell, and F. E. Johnston, for Appellant.

Frank Freeman, and Charles L. Donohoe, for Respondent.

SMITH, C. — The suit is to recover money alleged to be due on a parol contract, the terms of which are set out in the com-

plaint. The defense is a denial of the material allegations of the complaint, and as an affirmative defense, in effect, that, by a subsequent agreement, the contract was satisfied and discharged. The cause was tried by a jury, who returned a verdict for the plaintiff, and judgment was entered accordingly. The appeal is from the judgment.

The preliminary point is made by the respondent's attorneys, that the bill of exceptions was not served and presented for settlement in time, and must therefore be disregarded. Upon the rendition of the verdict, and before the entry of judgment, an order was made by the court granting to the defendant thirty days in addition to the time required by law within which to serve and file bill of exceptions. The judgment was entered September 27, 1899. On the day fixed for the settlement of the bill, plaintiff's counsel objected to the settlement, on the ground that the copy of the bill had not been served on them " within ten days after the entry of judgment." But as the defendant's time had been extended, the objection was obviously untenable, and was rightly overruled.

It is urged, however, that " it does not appear from the bill of exceptions " that it was served on the plaintiff's attorneys within the additional thirty days allowed by the order, and that the order itself was void because made before judgment. But the making of the order in advance of the judgment was entirely unobjectionable, and regular, and with reference to the other objection, it is sufficient that the contrary does not appear. The certificate of the judge carries with it the presumption of regularity. (*Sullivan* v. *Wallace*, 73 Cal. 307.) The decision in *Connor* v. *Southern California M. R. Co.*, 101 Cal. 429, cited by the respondent's counsel, does not conflict with this familiar and well-established principle. It is, indeed, asserted by the respondent's counsel that the bill in fact was not served on them within the extended time. But the appellant's counsel (in language more vigorous than appropriate to this court) denies the fact, and this leaves the question to be decided by the certificate of the judge, and the presumption in favor of the regularity of his proceedings.

The errors complained of refer to rulings of the court in giving or refusing instructions, and in admitting or excluding

evidence. Of the latter, one error specified is the ruling of the court in permitting portions of the deposition of one Mecum, a witness of the plaintiff, to be read in evidence, and in refusing to strike out the same. The reading of the deposition was prefaced with the statement of the plaintiff's attorney, that he did not intend to offer the entire deposition, but part of it only, to which objection was made and overruled, and exception taken. On the completion of the reading, the defendant's attorney moved to strike out what had been read, on the ground that only part of the deposition had been read, but the court overruled the motion, the defendant excepting. It is set forth in the statement that the defendant did not offer any portion of the deposition, and that no objection was made to his doing so, and portions of the evidence omitted are also inserted. But these matters we deem immaterial. The simple question involved is, whether it is permissible for a party to introduce in evidence selected portions of the deposition of his own witness, omitting the rest, and, clearly, this question must be answered in the negative. (*Kilbourne* v. *Jennings*, 40 Iowa, 473; *Grant* v. *Pendery*, 15 Kan. 236; *Hill* v. *Sturgeon*, 28 Mo. 323; *State* v. *Rayburn*, 31 Mo. App. 385; *Lanahan* v. *Lawton*, 50 N. J. Eq. 276; *Thomas* v. *Miller*, 151 Pa. St. 482.) In this state, the only authority for the use of depositions is in the provisions of the code which provide that "the deposition" may be used (Code Civ. Proc., secs. 2228, 2232, 2234); but it is not said that portions of them can be used, nor can it be inferred that such was the intention.

It is indeed said in the American and English Encyclopædia of Law, in a passage cited by respondent's counsel (vol. 9, p. 365), that "the party offering a deposition in evidence is not, as a rule, bound to offer or read the whole of it"; but, with one exception, we find no support for the proposition in the authorities cited. Of these some have apparently no bearing on the proposition (*Edgar* v. *McArn*, 22 Ala. 796; *Smith* v. *Crockers*, 3 N. Y. App. 471; *Gellatly* v. *Lowery*, 6 Bosw. 113; *Williams* v. *Kelsey*, 6 Ga. 365; *McArdle* v. *Bullock*, 45 Ga. 89), —the court in the case last cited saying: "If the practice of the court permits the party bringing them in [referring to the interrogatories] to read . . . only the direct answers, it is a new practice to us." Other cases hold that parts of a deposi-

tion may be used in certain cases, as declarations of the party testifying (Code Civ. Proc., sec. 1870, subd. 1; *Van Horn* v. *Smith*, 59 Iowa, 142, distinguishing *Kilbourne* v. *Jennings*, 40 Iowa, 473; and see also *Citizens' Bank* v. *Rhutasel*, 67 Iowa, 319); or as declarations of a witness to contradict him (*Webster* v. *Calden*, 55 Me. 165; *Whitman* v. *Morey*, 63 N. H. 448); and others, that a party may read the whole or part of a deposition taken on behalf of his adversary (*Converse* v. *Meyer*, 14 Neb. 190; *Hammat* v. *Emerson*, 27 Me. 308;[1] *Byers* v. *Orenstein*, 42 Minn. 386; *Watson* v. *Race*, 46 Mo. App. 552),—the decision being based, apparently, on the principle laid down in *Van Horn* v. *Smith*, 59 Iowa, 142.

The excepted case referred to is that of *Bunzel* v. *Maas*, 116 Ala. 79, where the plaintiff was allowed to offer in evidence the examination in chief of a witness examined by deposition in his behalf, the court citing in support of the ruling the following cases: *Van Horn* v. *Smith*, 59 Iowa, 142; *Converse* v. *Meyer*, 14 Neb. 190; *Gellatly* v. *Lowery*, 6 Bosw. 113; *Citizens' Bank* v. *Rhutasel*, 67 Iowa, 316; *Herring* v. *Skaggs*, 73 Ala. 446. But none of these decisions seems to support the position of the court. In the case last cited, the deposition from which the plaintiff was permitted to read was the deposition of the defendant; and in *Citizens' Bank* v. *Rhutasel*, 67 Iowa, 316, the deposition of a witness taken by the opposite party. The other cases are among those already commented on. It will be observed that the exceptional case does not go so far as to hold that the plaintiff could dispense with any part of the direct examination, as was held in this case.

Objection was made to the instruction given to the jury, that the contract alleged in the complaint did not need to be in writing, to give it validity. The contract sued on was the promise to pay the plaintiff the reasonable value of the summer-fallowing to be done by the Deveneys. This might be, and in fact was, done within the year. (Civ. Code, sec. 1624, subd. 1.) The agreement of the plaintiff with the Deveneys to furnish them the money needed for this purpose, and in farming the land leased,—which was, in part, the consideration of the defendant's performance,—was in fact performed, and it is immaterial whether or not it should have been in writing.

[1] 46 Am. Dec. 598.

The other points made by the appellant relate to the evidence, and may not be presented on a new trial.   It will therefore serve no useful purpose to determine them.

I advise that the judgment be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.        McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.