ELAM RICE, *et al.*, v. SAMUEL POYNTER.

1. REFORMING DEEDS; *Sheriff's Deed executed upon an Illegal Sale cannot be Reformed.* In an action to reform a sheriff's deed, so as to make it read "section 8" instead of "section 28," where the latter occurs, it was shown as follows: The judgment under which the sheriff's deed was executed, ordered that certain lands in section 8 should be sold; but the recitals in the deed itself show, that the order of sale issued by the clerk in pursuance of said judgment, directed that land in section 28, and not in section 8, should be sold; and

said recitals also show that the sheriff had said land in section 28 appraised, and that he advertised the same for sale, and sold the the same, and did not have anything to do with said land in section 8; and it was also shown by other evidence, that the notice of the sale, as published in the newspaper, was a notice that land in section 28, and not in section 8, would be sold; and there was no evidence introduced tending to contradict the recitals in the sheriff's deed; and the said sheriff's sale, after it was made, and prior to the execution of said deed, was confirmed by the court upon an *ex parte* motion of the plaintiff in that action; *Held,* that under the circumstances of this case, said sheriff's deed cannot be reformed.

2. SECONDARY EVIDENCE; *Lost Records; Competency of Testimony.* Where all the files of the papers in a case have been destroyed by fire, it is not error for the court to permit a party to introduce in evidence the testimony of the publisher of a newspaper, and the paper in which the notice of a sheriff's sale of real estate was published, for the purpose of showing the contents of such notice, and especially so when such evidence does not tend to contradict, but to corroborate the recitals in the sheriff's deed executed in pursuance of such sale.

3. CONFIRMATION OF SHERIFF SALE; *Not Conclusive of Regularity.* An *ex parte* confirmation of a sheriff sale, is not conclusive evidence, binding upon all parties that may possibly be affected by it, that the land ordered to be sold by the judgment, was sold, and that it was regularly and legally sold.

### Error from Doniphan District Court.

ACTION by *Poynter* to quiet his title to the N.$\frac{1}{2}$ of N.W.$\frac{1}{4}$ of Sec. 8, Township 3 south, Range 20 east, in Doniphan county. *Poynter's* petition alleges that at the December Term 1862 of the district court he recovered a judgment against one Alfred L. Rice and *Ladorska* his wife, for $511.25 in an action wherein said Poynter was plaintiff and said Rice and wife were defendants; that at the commencement of said action he sued out an order of attachment which was duly and legally executed by the seizure and appraisement of the eighty acres of land in controversy then and theretofore belonging to said Rice; that on rendering final judgment in said action, the court made an order continuing the lien of said attachment, and directing that an order of sale issue to sell said "N.$\frac{1}{2}$ of N.W.$\frac{1}{4}$ of sec. 8," to satisfy said judgment and costs; that such order of sale was duly issued, and said

land duly sold, and bid in by Poynter, and the sale·thereof, in March 1863, duly confirmed; but alleging that the sheriff, in executing the deed, "by mistake described said land as the N.$\frac{1}{2}$ of N.W.$\frac{1}{4}$ of Section 28, Township 3 south, Range 20 east." He also alleges that upon receiving said sheriff's deed he took possession of the land described in the judgment and has occupied it ever since. Said Alfred L. Rice has since deceased, and this action is now brought against *Ladorska Rice* as the widow, and against *Elam Rice* and seven others, children and heirs-at-law of said Alfred L. *Poynter* prays that said sheriff's deed may ·be reformed and corrected so as to describe and designate the land mentioned and described in said judgment. The defendants answered, making a special denial of the facts alleged by plaintiff. This action was tried at the March Term 1874 of the district court. The evidence is stated in the opinion, *infra*. The district court gave judgment in favor of *Poynter*, reforming and correcting the sheriff's deed, and decreeing that "the defendants and all persons claiming under them, be forever barred and enjoined from setting up any claim to said" N.$\frac{1}{2}$ of N.W.$\frac{1}{4}$ of Sec. 8, Township 3 south, Range 20 east, "and that plaintiff have and recover of the defendants his costs herein." The defendants appeal, and bring the case here on error.

*Albert Perry*, for plaintiffs in error. (No brief on file.)

*Nathan Price*, for defendant in error, contended that the testimony showed that the land originally attached and described in the judgment had been duly sold — and he concludes: "By § 449 of code of 1859, Comp. Laws of 1862, it became the duty of the court, when the execution or order of sale was returned, to examine the return and proceedings of the officer, and, if they were found in all respects in strict conformity with law, to order the clerk to make an entry on the journal of that fact, and direct the sheriff to make the purchaser a deed. This was done. Now this entry is a judgment. It is a final adjudication between the parties, and all

18 —15 KAS.

persons claiming under them, that the right land was appraised, advertised, and sold, in strict conformity with law, or as this court has said, that its process had not been abused."

The opinion of the court was delivered by

VALENTINE, J.: This was an action to reform a sheriff's deed, so as to make it read "section 8," instead of "section 28," where the latter occurs. Without stopping to consider whether this may be done in any case, we shall immediately pass to the question whether it can be done under the circumstances of this particular case. On the trial of the case in the district court the plaintiff below, Samuel Poynter, introduced in 1. Reforming sheriff's deed. evidence the sheriff's deed, the judgment upon which the deed was founded, including proceedings had previous to the rendering of the judgment; the confirmation of the sheriff's sale; the testimony of the clerk of the district court, that many of the files of his office had been burned, and that the files in this particular case had not been seen since the fire; and the testimony of the plaintiff showing that he had resided on the land in said section 8 ever since the sheriff's sale, and that no one had claimed any adverse title thereto until recently. The defendants below (who are now plaintiffs in error) introduced in evidence the newspaper in which the notice of the sheriff's sale was published, and also the testimony of the publisher of that paper, showing that this was the only notice of such sale published in his paper. No other evidence was introduced for either party. It will be noticed that not one of the following papers was introduced in evidence, to-wit: the execution, or order of sale, upon which the land was sold; the return by the appraisers of the appraisment of the land; the copy of the notice of the sale of the land published in the newspaper, and filed in the court; the written return of the sheriff, showing his proceedings under the execution. But in lieu thereof we have the sheriff's deed, (which is certainly good evidence, in the absence of better evidence, to show the substance of said papers, and of other papers recited therein,)

reciting the substance of the execution, the oath adminis-
tered to the appraisers, the return by the appraisers of the
appraisement, the notice of the sale published in the news-
paper, the sale itself, and the return of the sheriff of his
proceedings under the execution; and these papers, and pro-
ceedings as recited in the deed, show unequivocally that the
sheriff was ordered by the execution to sell "the north-half
of the northwest quarter of section 28," etc., that he did
appraise, advertise, and sell such land, and not one of these
papers or proceedings tends to show that the sheriff ever had
anything to do with any land in section 8. Besides, the evi-
dence introduced by the defendants shows beyond all doubt
2. Secondary evidence; lost records. that the sheriff advertised the land in section 28
for sale, and did not advertise the land in section
8 for sale. The sheriff's deed shows that the notice of sale
was published in the "White Cloud Kansas Chief," and the
publisher of that paper produced on the witness stand a copy
of said paper, with a copy of said notice published therein,
and testified that no other notice of said sale was ever pub-
lished in said paper; and that notice shows that the sheriff
advertised land in section 28, and not in section 8 for sale.
This was certainly competent evidence, for it had already
been shown that the original files in the case had been de-
stroyed by fire. Probably no better evidence could have
been found, or was then in existence. It corroborated the
recitals in the sheriff's deed, and did not contradict them.
But it is claimed that it tends to contradict the confirmation
of the sheriff's sale, and is therefore incompetent. The con-
firmation of the sheriff's sale reads as follows:

"On motion of said plaintiff, by Messrs. T. &. C. his attor-
neys, and on producing the return of the sheriff of this
county of a sale of real estate made by him on the ninth day
of March 1863, on an order of sale issued in this case, and
dated the eighth day of January 1863, and the court on an
examination of said proceedings being satisfied that said sale
has been made in all respects in conformity to law; *it is
ordered by the court*, that said sale and proceeding be and the
same is hereby confirmed, and the said sheriff is ordered to

make to the purchaser a deed for the land and tenements so sold."

Now, a confirmation of a sheriff's sale is ordinarily, as in this case, a purely *ex parte* proceeding, and it may always be so. The sale may be confirmed on the motion of the plaintiff, the defendant, the sheriff, or any other person interested therein, or on the court's own motion, and may be done without notice to any person, and in the absence of every person except the officers of the court. And no particular time is required for the confirmation of the sale. It may be done at any time after the sale has been made, when the court is in session, and for an indefinite period of time. And it is usually done merely upon an examination of the return of the officer, (*White Crow v. White Wing*, 3 Kas. 276,) although it would probably be prudent in some cases for the court to look behind the return of the officer, and see whether the writ itself, the execution or order of sale, followed the judgment. The whole difficulty in the present case has probably arisen from the fact that the order of sale does not follow the judgment. It does not seem however to be the special duty of the court on the confirmation of a sale, to determine whether the clerk has done his duty in issuing the writ, but only whether the sheriff has done his duty in executing the writ. In the present case we think the sheriff undoubtedly followed the writ scrupulously, and did his exact duty under the writ. He undoubtedly advertised and sold land in section 28, and not in section 8, just as the writ directed him to do. The confirmation of the sale in this case does not pretend to show otherwise, but really tends to show that the sheriff did his duty; that is, that he sold the land which he was ordered to sell by the writ, which was land in section 28, and not land in section 8. We suppose that when counsel for plaintiff below (defendant in error) comes to consider the nature and character of an *ex parte* confirmation of a sheriff's sale made long after judgment, he will no longer consider that such a confirmation is an adjudication, conclusively binding upon all parties that may possi-

3. Confirmation of sheriff sale not conclusive.

bly be affected by it, and conclusively proving that the land ordered to be sold by the judgment was sold, and that it was regularly and legally sold; for such is not the case. (*Benz v. Hines*, 3 Kas. 390, 397, et seq.) The sheriff's deed in the present case cannot be reformed; for the sheriff had no legal power upon the sale made by him, and recited in the deed, to execute this or any other deed. Under the judgment, no land could be sold except land in section 8. Under the order of sale issued by the clerk, no land could be sold except land in section 28. Hence, as the order of sale in an essential particular did not follow the judgment, the whole of the proceedings had and done after the judgment was rendered, are mere nullities. Therefore, under such circumstances, no court can give the sheriff power to make a good and valid deed, and no court can reform a defective deed already executed by the sheriff so as to make it good and valid.

The judgment of the court below is reversed, and cause remanded for further proceedings.

All the Justices concurring.