# Ganey *v.* Sikes.

76 421
129 179

*Bill in Equity for Reformation of Administrator's Conveyance of Lands sold under Probate Decree.*

1. *Reformation of conveyance by executor or administrator ; jurisdiction of equity.*—While the Chancery Court, in this State, probably had no original jurisdiction to correct a misdescription of lands in a deed made by an executor or administrator under authority of the Probate Court, where

[Ganey v. Sikes.]

an order of sale has been granted on application to sell the lands of a decedent; yet, by express statutory provision (Code, §§ 3840-41), such jurisdiction is conferred, when it is made to appear, by proper allegation and proof, that the price paid was reasonable, that the vendee was a *bona fide* purchaser, that the money has been paid to the proper representative of the estate, or appropriated for the benefit of the estate, and that the parties have received regular notice, as provided by law, of such sale or probate proceedings.

2. *Same ; averment and proof that price was reasonable.*—On the facts shown by the record in this case, the deed ought not to have been reformed, since there is neither averment nor satisfactory proof that the price paid by the purchaser was the reasonable value of the land.

APPEAL from the Chancery Court of Crenshaw.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 13th August, 1879, by Thomas A. Sikes, against N. J. Ganey and others, as heirs at law and distributees of the estate of Walter D. Compton, deceased ; and sought the reformation of a conveyance, by the correction of an alleged mistake in the description of the government numbers and subdivisions of the land, which had been sold on the 20th January, 1869, by the administrator of said Compton's estate, under an order and decree of the Probate Court, and which the complainant claimed under mesne conveyances from the purchaser at that sale ; and the bill also prayed a divestiture of the legal title out of the heirs, and for other and further relief under the general prayer. The chancellor overruled a demurrer to the bill for want of equity, and, on final hearing on pleadings and proof, rendered a decree for the complainants ; and this decree is now assigned as error.

RICE & WILEY, for appellants.

JOHN GAMBLE, *contra.*

SOMERVILLE, J.—The Chancery Court of this State, apart from the power conferred expressly by the Code, would probably have no jurisdiction to correct a misdescription of lands in a deed made by an executor or administrator under authority of the Probate Court, where an order of sale has been granted on application to sell the lands of a decedent.—*Rogers v. Abbott*, 37 Ind. 138 ; *Rice v. Poynter*, 15 Kans. 263. However this may be, this particular jurisdiction is conferred, in express terms, by sections 3840 and 3841 of the present Code (1876), when it is made to appear, by proper allegations and proof, that the price paid was reasonable, the vendee was a *bona fide* purchaser, the funds paid for such lands have been paid to the proper representative of the estate, or appropriated for the benefit of the estate, and the parties interested have received regular notice of such probate proceedings, or sale, as is

provided by law.  In all such cases, the Court of Chancery of the proper district is authorized to grant relief to the purchaser of such lands, to his heirs, devisees or assigns, fully correcting any mistake, omissions or inaccuracy, in the matter of such description.—Code, 1876, §§ 3840–41; Acts 1869–70, pp. 390–91.

We have examined the evidence, and fail to find any satisfactory proof that the amount paid by Rogers, as purchaser of the lands in controversy, at the administrator's sale made by Compton in January, 1869, was a reasonable price or value for such land.  Nor is there any averment of this fact in the bill.  Without such allegations and proof, the jurisdiction in question should not have been exercised.  In other particulars, we discover no error in the record.

Reversed and remanded.