# Gomez *v.* Gomez, *et al.*

*Petition to Correct Description of Lands Sold by order of Probate Court.*

(Decided Feb. 15, 1908.   45 South. 637.)

*Executors and Administrators; Sales and Conveyances Under Order of Court; Correction of Mistake in Description; Statutory Provisions.*—Where petitioner in good faith purchased a lot at an administrator's sale believing that she was purchasing the whole of said lot, and the auctioneer conducting the sale publicly announced that there was a mistake in the advertisement and that the entire lot was for sale and the purchaser thereof would get a deed for the whole of it; the sale was confirmed and the deed executed only to a part of the land, but the purchaser put in possession of the whole, such purchaser was entitled, under sections 184 and 185, Code 1896, to have the proceedings corrected so as to conform with the proper description, and to have the administrator ad litem execute a deed conveying the lot according to the corrected description.

APPEAL from Mobile Probate Court.

Heard before Hon. PRICE WILLIAMS, JR.

Petition by Rosalie Gomez against Florida Gomez and others, as heirs at law and administrator of Francisco Gomez, deceased. From a judgment sustaining demurrers to the petition, petitioner appeals. Reversed.

[Gomez v. Gomez, et al.]

The petittion is as follows: After alleging the residence and name of petitioner and defendants, and that they are the only heirs at law of Francisco Gomez, Sr., it is alleged: That Francisco Gomez, Sr., owned in fee simple at the time of his death, among other lands, a certain piece or lot of land in the city of Mobile, with the improvements thereon situated, on the northeast corner of Davis Avenue and Gracie street, having a frontage of 45 feet, more or less, on Davis avenue and a depth of 145 feet between parallel lines along Gracie street. "(2) That Robert P. Higgins was a duly appointed and qualified administrator de bonis non in this court of the estate of the said Francisco Gomez, Sr., the deceased, and that as such administrator he filed his petition in this court on the 21st day of December, 1900, for the sale of the lands belonging to the said Francisco Gomez, Sr., at the time of his death, for the purpose of dividing the property of the estate among the heirs of the decedent. That on September 12, 1901, your honor rendered a decree upon said petition directing the said administrator to sell said real property. That acting under your honor's said decree said administrator duly advertised said property, and on Monday, the 21st day of October, 1901, offered said property for sale, and at said sale your petitioner purchased in good faith for the consideration of $1,475 in cash, the full value thereof, the said lot or parcel of land described above. That she in good faith paid all the purchase money in cash to said administrator, believing that she was a purchaser of the whole and entire lot of land as hereinbefore described and that she would obtain a deed correctly describing the whole of said lot. That at said sale it was publicly announced by the auctioneer conducting said sale that in the advertisement of sale there was an error in describing the lot as having a depth of only 45 feet, but that the auc-

tioneer and administrator was selling, and the purchaser would get a deed for, the whole lot, having a depth of 145 feet, and your petitioner bid for and purchased said lot under such representation. That said administrator thereafter about October 26, 1901, reported to your honor the sales made by him of said lands, which were duly confirmed by a decree of the court and directing said administrator to execute deeds to the respective purchasers of the property, the sale to your petitioner being included in such report and decree; and said administrator on the 7th day of November, 1901, executed and delivered to your petitioner his deed for said lot, but describing it as having a depth of only 45 feet, all of which will more fully and largely appear from the record in your honor's office. Petitioner further avers that the administrator put her in actual possession of the whole of said lot, having a width of 45 feet by a depth of 145 feet, and your petitioner has already erected on said lot three new buildings. Petitioner further shows that she but recently discovered that the inaccuracy or the mistake in the description of said lot was not only in the advertisement of sale, but that in petition for the sale of the land, in the decree of sale, in the advertisement of sale, in the report of sale, in the decree confirming the sale, and in the deed to your petitioner the same mistake occurs, so that, instead of your petitioner obtaining a deed and title to the lot she really bought, she had gotten a deed and title to only a small portion of the lot, to wit, a lot about 45 feet wide and 45 feet long." Prayer was for process, the appointment of a guardian ad litem, etc., and for a decree correcting the mistake in all particulars, and a deed correctly describing the land. Jurisdiction was taken of the petition, process was served, a guardian ad litem appointed, etc. The guardian ad litem filed demurrers to the peti-

[Gomez v. Gomez, et al.]

tion, setting up the petition showed on its face that the land, a description of which is sought to be had, was never advertised and sold as provided by law, and be: cause the petition fails to show that testimony was taken as in chancery cases showing that the lot now sought by the petitioner could not be equitably divided, and because the facts set up in the petition are not sufficient in law to have the correction made as prayed. The demurrers were sustained, and the petition was dismissed.

L. H. & E. W. FAITH, for appellant. An appeal lies to this court from a decree rendered by the probate court.—Sec. 457, Code 1896;. *Howard v. Howard,* 26 Ala. 682. If the decree sustaining the demurrer and dismissing the petition is allowed to stand, it becomes res adjudicata.—*Howard v. Howard, supra; Stein v. McGrath,* 28 Ala. 175. The probate court has jurisdiction to correct mistakes in the description of land sold in good faith under the orders of the probate court.—Sec. 184, Code 1896; *Brown v. Williams,* 87 Ala 353. In hearing the application, the probate court does not take into consideration whether the original decree was valid or not.—*Brown v. Williams, supra.*

GESSNER T. MCCORVEY, Guardian ad litem, for appellee Counsel insists that the section of the Code quoted in appellant's brief has no application to the facts in this case, since the sale was not advertised and the original petition and order is void.

HARALSON, J.—Section 184 of the Code of 1896 reads as follows: "Mistake in Description of Lands Sold under Order of Probate Court; How Corrected.— When a mistake has been made in the description of

11 O

lands of a decedent sold in good faith under an order of
the probate court, either in the petition, order, or other
proceedings, the court ordering the sale has authority,
on the written application of the purchaser, or his heirs
or personal representatives, or any person holding un-
der him, verified by affidavit, to correct such mistake.
The application must contain a correct description of
the lands sold, and must state the facts, and the names,
ages and places of residence of the personal representa-
tives and heirs or devisees of such decedent, if known,
and if there be no personal representative, that fact
must be stated; and, upon the filing of such application,
the court must appoint a day for the hearing, of which,
and of the nature of the application, notice must be giv-
en, by personal service, to the personal representative of
such decedent, and such of his heirs as are of age, and
are of sound mind, if residents of the state, at least
twenty days before the day appointed for the hearing,
and also by publication, once a week for three succes-
sive weeks, in some newspaper published in the county,
or if none is published therein, in a newspaper published
nearest to the courthouse thereof. If there is no person-
al representative of the estate of such decedent, the
court must appoint an administrator ad litem to repre-
sent the estate in such proceedings; and the court must
also appoint a guardian ad litem for such of the heirs
or devisees as are under the age of twenty-one years, or
are of unsound mind."

Section 185 of the Code of 1896 is: "Decree on Such
Application.—If, upon the hearing, the court is satisfied
from the evidence adduced, that the sale of such lands
was made in good faith, and that a mistake was made
in the description of the lands sold, as stated in the ap-
plication, a decree must be made and entered, correct-
ing the mistake; and if the purchase money has been

fully paid, and a deed executed, the court must order the personal representative, or, if there be none, the administrator ad litem, to execute to the party making the application a new deed, conveying to him the lands according to the description as corrected."

The demurrer to the petition was on seven grounds, only two of which are insisted on in argument, covering substantially others. The first is, in substance, as stated by defendant, that there has been no advertisement of the additional lot of land, 100 feet by 45 feet, adjoining the lot of land to which petitioner received a deed, which said additional lot 100 feet by 45 feet is now sought by petitioner to be conveyed to her. Second, "that no testimony has been taken as in chancery cases showing the necessity for the sale of the lot now sought by petitioner."

The demurrer was sustained, and the petition was dismissed out of the court, at the cost of the petitioner. The petitioner appeals to reverse that order.

The petition was filed under said section 184 of the Code of 1896. The petition alleges substantially all the facts required by the statute, and as to these, there is no dispute. The demurrer admits them.

The jurisdiction of the probate court as conferred by said statute is analogous, as we have decided, to that possessed by courts of chancery to reform written instruments under equity of reformation and re-execution. The jurisdiction of equity, as held, has, in this state, been enlarged by statute, so as to authorize the reformation of administrators' deeds, made under the authority of the probate court, so as to correct misdescriptions of lands conveyed.—*Brown v. Williams*, 87 Ala. 354, 6 South. 111; *Gancy v. Sikes*, 84 Ala. 348, 4 South. 869; Id., 76 Ala. 421.

In the case of *Brown v. Williams, supra,* it was said: "The legal effect of such a proceeding, however, we repeat is only to accomplish a single purpose. It only corrects the misdescription in the lands sold and conveyed, and places the purchaser, or applicant holding under him, in the same situation he would have been had the correct description been originally inserted in the petition, the order of sale, and the administrator's deed."

After stating the foregoing proposition, in further construction of said section, the opinion of the court proceeds: (The statute) "authorizes the probate court to correct any such mistake in the description of lands sold under its order, 'either in the petition, order or other proceedings,' under like circumstances provided for by section 2128 of the Code of 1867. It also states the requisite contents of the application, and provides for notice to the heirs or devisees of the decedent, as well as to his personal representative, and for the appointment, in a proper emergency, of an administrator ad litem to represent the estate, as well as a guardian ad litem to represent the minor heirs." Code 1886, § 2129; Code 1896, § 184.

It was added, that "the whole purpose of such proceeding is to correct, by reformation, a mistake in the description of the lands sold, and to authorize such rectification of error by the execution of a new deed, conveying to the purchaser, or appellant, 'the lands according to the description as corrected.' * * * It merely reforms the corrected evidence, so as to make it speak the truth as to the real contract. The conveyance is only made effective by applying it to the property sold by one party and bought by the other, in accordance with the original and mutual intention of the contracting parties."

In other respects the validity of the sale is unaffected.
If the sale is void for want of proper jurisdictional aver-
ments in the petition, such as that the lands belonged to
minors, or persons of unsound mind, and the order of
sale was made without taking evidence as in chancery
cases, showing the necessity of the sale, or any other
grounds than inaccuracy in the description of the lands,
it is void still, notwithstanding the action of the court
in making the correction of this particular error or mis-
take. All such questions are left open, and the validity
of the sale may be attacked on any other ground than
error in the description of the lands.—*Brown v. Wil-
liams, supra.*

The petition shows, that on the day and at the time of
the sale petitioner in good faith purchased the entire lot
of 145 feet by 45 feet, for $1,475, which was the full
value of the same; that in good faith, she paid all the
purchase money in cash to the administrator, believing
that she was purchasing the whole of said lot, and would
get a deed to the same; that at said sale the auctioner
who conducted the sale, publicly announced, that there
was an error in the advertisement for the sale of said
property in the description of the lot, stating in what the
error consisted, but that the administrator was selling,
and the purchaser would get a deed to, the whole lot,
and petitioner bid for and purchased said lot under such
representation, and that said sale was confirmed when
reported, and the administrator made her a deed with
the alleged misdescription therein; that the administra-
tor put her in possession of the whole of said lot, and
she proceeded to erect three new buildings thereon; and
not until recently, did she discover the inaccuracy or
mistake in the description of the same in the proceed-
ings of the court and the administrator's deed to her.
It is under these admitted and undisputed circumstan

ces, that she files this petition seeking an order and decree that the mistake in the description of said lot of land be corrected in the administrator's petition for the sale of the same, in the decree of sale, in the report of sale and decree confirming the same, and directing the administrator ad litem to execute to her a new deed conveying to her the said lot of land according to the description as corrected, agreeably to the provisions of said section 185 of the Code of 1896, etc.

It occurs to us, upon proof of the facts alleged, that the prayer of said petition should be granted. Otherwise, irreparable injury will be sustained by petitioner, and a glaring injustice done her, and she will acquire only a fraction of the property really sold, when she paid for the entire lot in cash, after being assured that she had acquired by the purchase, the entire lot. It was just such a miscarriage of justice, that said section of the Code was intended to prevent, and which equity and justice and the law abhor.

The decree of the court below must be reversed, and one will be here rendered overruling the demuurrer to the petition.

. Reversed and rendered.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.