LANDIS CHRISTMAS SAVINGS CLUB v. MERCHANTS NATIONAL BANK.

(Filed 5 November, 1919.)

1. **Evidence—Depositions—Trial.**

    A party to an action must offer at the trial the whole of the depositions of his own witness, including his cross-examination, for it to be competent.

2. **Copyrights—Principal and Agent—Contracts—Fraud—Evidence—Declarations—Patents.**

    Where the defense to an action on a copyright for exclusive territory is the invalidity of the copyright and the consequent lack of consideration, testimony of the defendant's witness of the representations of the plaintiff's agent in inducing the contract, which were material and false, is competent evidence.

3. **Copyrights—Courts—Jurisdiction—Contracts—Defenses—State Courts—Evidence—Experts—Invalidity.**

    While the State Court has no jurisdiction over actions directly affecting the validity of a copyright, it is competent in an action therein to recover upon a contract granting certain exclusive territory, for the defendant to show by the opinion of experts therein, in connection with evidence that others had invaded his territory, that the idea was not patentable, and the contract was without consideration, the State Court having ample jurisdiction when the validity of the patent and failure of consideration is set up as a defense.

APPEAL from Forsyth County Court, *Starbuck, J.,* heard by *Bryson, J.,* at March Term, 1919, of FORSYTH, who affirmed the judgment. Defendant appealed.

*W. Reade Johnson and Craige & Vogler for plaintiff.*
*J. E. Alexander for defendant.*

BROWN, J.   The plaintiff, Landis Christmas Savings Club, entered
into a contract with the Merchants National Bank, by the terms of
which the plaintiff agreed to give to the defendant an exclusive license to
use, for a period of five years, from 15 December, 1912, its system of
operating and maintaining a "Christmas Savings Club," of which system
it was the owner in a United States copyright, for which the defendant
agreed to pay the sum of $100 per year.   Some time later the plaintiff
secured another United States copyright for the operation and mainte-
nance of a "Vacation Savings Club," and on 4 November, 1913, the
plaintiff and defendant entered into a supplemental contract by the
terms of which it was agreed defendant would use both systems and
purchase the necessary supplies therefor during the term stated in the
original contract, and the consideration was reduced from $100 per year
to $80 per year.   This action is brought to recover $160, being for two
years use.

The defendant denies the indebtedness and alleges that the execution
of the contracts was procured by the false and fraudulent representations
of plaintiff:   That plaintiff falsely represented that the plaintiffs had a
new invention or patent, and copyright for a plan of Christmas Savings
Clubs; that its plan, being a new invention, was a monopoly, and that
it had the right to sell exclusive privileges to defendant whereby it
would have the sole and exclusive right to operate a "Christmas Savings
Club," and the sole and exclusive right to the use of such name and
advertising of such plan for the space of five years, and thereupon the
contracts were entered into and carried out for three years, when another
bank in Winston-Salem, to wit:   Wachovia Bank & Trust Company,
opened up on a large scale the identical, or nearly identical, plan and
advertising, which plan of advertising and conducting the said clubs
furnished by plaintiff to defendant under the contracts became a part
thereof.   That correspondence ensued between the parties to this action,
the defendant asking of plaintiff explanations of this, none being given,
the plaintiff avoiding a reply and contenting itself by merely sending its
bill or offering to reduce the license fee to $25 and then $5 a year.

And defendant alleges that plaintiff has in effect admitted the falsity
of its representations and abandoned its said contracts, or waived them
to the extent stated above, and that said contracts are invalid, discharged,
and of no binding force.

That as defendant is now informed, advised and believes, and so
alleges, the matters, plans, and things sold or attempted to be sold to
defendant as capable of being patented and copyrighted were not in fact
the subjects of patent or copyright, and defendant alleges that, as it is
now informed, advised, and believes, the said purported patents and
copyrights are invalid, the said matter not being capable of being law--

fully patented or copyrighted, such matter not being new, being largely merely mathematical calculations and not the subject of invention, patent or copyright, and not being lawfully salable as such. And defendant alleges that no recovery can be had by the plaintiff against the defendant on account of such attempted fraudulent sale of illegal patent and copyright privileges and licenses.

Defendant then sets up a counterclaim to recover money paid plaintiff under such contract.

Plaintiff offered the deposition of one Boll, but declined to introduce the last question and answer. Defendant excepted. This was error. This question has been decided differently by different Courts, but the weight of authority is that the party offering the deposition must introduce the whole of it, including the cross-examination. *Dawson v. Woodhull,* 67 Fed., 51; *Grant v. Pendery,* 15 Kan., 266; *Lanaham v. Lawton,* 50 N. J. Eq., 276; *Ins. Co. v. Knight,* 6 Wharton, Penn., 327; *Calhoun v. Hays,* 42 Am. Dec., 275; *Bank v. Rutasel,* 67 Iowa, 316; *Edwards v. Crenshaw,* 30 Mo. App., 510. This Court has aligned itself with the above cases. In *Boney v. Boney,* 161 N. C., 622, *Mr. Justice Allen* says:

"We have not been able to find a direct adjudication in this State sustaining his Honor in excluding parts of the deposition of Mrs. Turner, because the whole was not offered, but the authorities elsewhere are in accordance with his ruling. *Killbourne v. Jennings,* 40 Iowa, 475; *Schwartz v. Brunswick,* 73 Mo., 257; *Hamilton v. Milliken,* 62 Neb., 117; *S. v. Rayburn,* 31 Mo. App., 386; *Lanaham v. Lawton,* 50 N. J. E., 276; *Grant v. Pembry,* 15 Kan., 242." *Barton v. Morphis,* 15 N. C., 243.

The defendant excepts to the ruling of the court in excluding the testimony of Thomas Mastin as to the statements and representations made by plaintiff's agent to induce defendant to enter into the contract, and that such statements were false and fraudulent.

This testimony is set out in the record and is very material. We are of opinion that the court erred in excluding it, and directing a verdict for amount claimed.

The court should have submitted proper issues to the jury with appropriate instructions as to the validity of the copyright as an exclusive right, and the representations of plaintiff's agent as to its value and character.

Upon such issue the opinions of experts in patent and copyright law may be offered in evidence for the purpose of showing the worthlessness of the copyright as an exclusive right, as well as for the purpose of sustaining it upon the same principle that the opinion of lawyers learned in the law of another State may be offered in this State as to the law of their own State.

The State Court had ample jurisdiction to pass on the copyright when its validity is set up as a defense.

In *Gas Light v. Coke Co.,* 168 U. S., 259, the Supreme Court of the United States says:

"The State Court had jurisdiction both of the parties and the subject-matter as set forth in the declaration, and it could not be ousted of such jurisdiction by the fact that, incidentally to one of these defenses, the defendant claimed the invalidity of a certain patent. To hold that it has no right to introduce evidence upon this subject is to do it a wrong and deny it a remedy. Section 711 does not deprive the State courts of the power to determine *questions* arising under the patent laws, but only of assuming jurisdiction of '*cases*' arising under those laws. There is a clear distinction between a case and a question arising under those patent laws. The former arises when the plaintiff, in his opening pleading—be it a bill, complaint, or declaration—sets up a right under the patent laws as ground for a recovery. Of such the State courts have no jurisdiction. The latter may appear in the plea or answer or in the testimony. The determination of such question is not beyond the competency of the State tribunals."

In his opinion in that case, *Mr. Justice Brown,* referring to a contrary decision of a State court, further says:

"There is, however, an overwhelming weight of authority to the contrary. Beginning with the case of *Bliss v. Negus,* 8 Mass., 46, in which, in a similar action upon a note, it was held the defendant might show that the patent had been obtained by fraud and perjury, the Supreme Judicial Court of Massachusetts has held steadily to the doctrine that where the question of the validity of a patent arises collaterally, it will take jurisdiction of it. In *Dickinson v. Hall,* 14 Pick., 217, evidence that the patent was void was held to be pertinent to show a total want of consideration for the defendant's note. The principal case, however, is that of *Nash v. Lull,* 102 Mass., 60, in which the opinion of the Court was delivered by *Mr. Justice Gray,* to the effect that any degree of utility or practical value in a patent will support the consideration paid for it; but that if it be wholly void, a note given for it is without consideration, and such issue may be tried in the State Court as well as in the Circuit Court of the United States. See, also, to the same effect, *Bierce v. Stocking,* 11 Gray, 174; *Lester v. Palmer,* 4 Allen, 145.

"Like opinions have been pronounced in the courts of New Hampshire, Connecticut, New York, Pennsylvania, Indiana, Wisconsin, Illinois, and Missouri; and in all these States the principle seems well established that any defense which goes to the validity of the patent is available in the State courts."

New trial.