EVA ENLOE v. CHARLOTTE COCA-COLA BOTTLING COMPANY.

(Filed 15 June, 1936.)

**Bill of Discovery A b—**

Where a party reads in evidence an examination of an adverse party had under the provisions of C. S., 899, *et seq.,* he must read the whole of the examination, and the admission in evidence of the direct examination of such party while omitting the cross-examination is reversible error. C. S., 902.

APPEAL by the defendant from *Alley, J.,* at October Term, 1935, of MECKLENBURG. New trial.

This is a civil action by an ultimate consumer to recover of a bottler damages resulting from drinking bottled beverage containing noxious substance. The case was formerly before us, 208 N. C., 305.

The jury found that the plaintiff had been injured by the negligence of the defendant and assessed damages, and from a judgment based upon the verdict the defendant appealed, assigning errors.

*D. E. Henderson and Carswell & Ervin for plaintiff, appellee.*
*John M. Robinson and Hunter M. Jones for defendant, appellant.*

SCHENCK, J. The plaintiff read in evidence a portion of the examination of George C. Snyder, secretary and treasurer and general manager

of the defendant corporation, taken pursuant to the statutes providing for the examination of adverse parties, to which the appellant reserved exception. The portion of the examination read was the testimony given in chief in response to interrogatories propounded by plaintiff's counsel, and the portion of the examination not read was the testimony given on cross-examination in response to interrogatories propounded by defendant's counsel. The testimony in chief was to the effect that the physical equipment, machinery, management, and location of the defendant's plant had been substantially the same since December, 1930. The testimony on cross-examination was a full and detailed description of the machinery and of its operation in the plant of the defendant from December, 1930, to the present time, and was to the effect that said machinery was of the type in general and approved use.

The defendant's eleventh assignment of error is: "That the court erred in permitting the plaintiff to introduce in evidence that part of the adverse examination of George C. Snyder taken before the trial consisting of questions propounded to him by plaintiff's counsel and the answers thereto, without offering the remainder of said examination, consisting of the cross-examination or questions propounded to him by the attorney for the defendant and the answers thereto."

This assignment raises a question that has not heretofore been presented to this Court, namely: Can a party to an action introduce in evidence a part of the examination of an adverse party taken pursuant to the provisions of Article 44, chapter 12, Consolidated Statutes (sections 899 to 907), without introducing the whole of such examination?

C. S., 902, provides that "the examination shall be taken and filed, . . . and may be read by either party on the trial." In *Phillips v. Land Co.*, 174 N. C., 542, *Clark, C. J.*, writes: "The examination of the adverse party, under Revisal, 865 (C. S., 900), is a substitute for the former bill of discovery, and as Revisal, 867 (C. S., 902), provides that it may be read by either party on the trial, it is, like a deposition, *de bene esse*, in that it becomes 'the evidence of the law.' So to speak, it is 'canned evidence,' kept in cold storage, for it cannot be altered." Evidence may be altered by omissions as well as by additions or changes, and it would seem that the late learned Chief Justice had in mind that if the "canned evidence" was read by either party on the trial it must be read *in toto* and not "altered" by omitting a part thereof.

The general provisions of the statutes relating to examination of adverse parties are in many respects similar to those of Article 8, chapter 35, Consolidated Statutes (sections 1809 to 1822), relative to depositions. This Court has definitely held that it is error to permit one party to introduce a part of a deposition in evidence without introducing the entire deposition. *Boney v. Boney*, 161 N. C., 615; *Sternberg v.*

*Crohon,* 172 N. C., 731; *Savings Club v. Bank,* 178 N. C., 403. In the last cited case it is said: "Plaintiff offered the deposition of one Boll, but declined to introduce the last question and answer. Defendant excepted. This was error. This question has been decided differently by different courts, but the weight of authority is that the party offering the deposition must introduce the whole of it, including the cross-examination."

We can see no valid reason why the law should require the introduction of the whole of a deposition if any of it is to be read in evidence, and not require the introduction of the whole of an examination of an adverse party if it is to be read in evidence. On the contrary, every logical reason seems to dictate that there should be no differentiation. We therefore hold that the trial judge erred in permitting the plaintiff to read in evidence a part of the examination of an adverse party without requiring her to so read the whole of such examination.

Our conclusion upon the eleventh assignment of error entitles the defendant to a new trial and renders any discussion of the other assignments unnecessary.

New trial.